UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
IMPERIAL ENTERPRISES, INC.,         )
                                    )
               Plaintiff,         )
                                    )
   v.                               )   Civil Action No. 11-529 (RBW)
                                    )
DOES 1 – 3,145,                     )
                                    )
               Defendants.        )
_____)

**ORDER**

       The Court having considered the plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, and it appearing to the Court that there is good cause to grant the relief requested therein based upon the need for the plaintiffs to serve subpoenas to ascertain the identity of the defendants in this case, see Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-9 (D.D.C. 2008) (Kollar-Kotelly, J.), it is

       **ORDERED** that the plaintiff's motion is **GRANTED**. It is further

       **ORDERED** that the plaintiff may conduct immediate discovery by serving the internet service providers listed in Exhibit A to the Complaint with a subpoena under Federal Rule of Civil Procedure 45 for the purpose of identifying each Doe defendant, such as the individual's name, current and permanent address, telephone number, e-mail address, and Media Access Control Address. It is further

       **ORDERED** that the plaintiff may serve a Rule 45 subpoena in the same manner stated in the preceding decretal paragraph on any intermediary internet service provider identified in response to a subpoena as providing online services and/or network access to one of the Doe defendants. It is further

**ORDERED** that any information disclosed to the plaintiff in response to a Rule 45 subpoena may be used by the plaintiff solely for the purpose of protecting the plaintiff's rights as set forth in the Complaint. It is further

**ORDERED** that if and when an internet service provider is served with a subpoena, the provider shall give written notice, which may include e-mail notice, to any affected subscribers within five business days, and such notice shall inform the subscribers of their right to challenge the subpoena in this Court. It is further

**ORDERED** that if the internet service provider or any defendant seeks to modify or quash a subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than thirty days from the date of service. It is further

**ORDERED** that the internet service provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

**ORDERED** that the plaintiff shall provide each subpoenaed internet service provider with a copy of this Order as well as the Complaint in this action. It is further

**ORDERED** that on or before June 6, 2011, the plaintiff shall file a status report apprising the Court of its progress in determining the identity of the Doe defendants, as well as an expected completion date of the discovery allowed by this Order.

**SO ORDERED** this 5th day of April, 2011.

REGGIE B. WALTON  
United States District Judge