*Leave to file is granted*

*Judge Walton*

*7/28/11*

Robert Temple
P.O. Box 203
Analomink PA 18320

April  19, 2011

United States District Court
Clerk of Court
333 Constitution Avenue N.W.
Washington D.C. 20001

Re: Documents Protective Order – 1:11-cv-00529-RBW

      Included are documents relating to a John Doe case which my ISP has notified me of a subpoena to resolve my IP address to a name. My ISP states that during this time, their dynamic IP system had assigned this address to my account.

      I live in Pennsylvania, I am disabled, I am unable to travel to DC, and this has not been filed in my local jurisdiction. I have no knowledge of these files the Plaintiff states I willingly and knowingly downloaded and made available for distribution.

      Please accept these enclosed documents.

Thank you

Robert Temple

Received
Mail Room

APR 2 . 2011

Angela D. Caesar, Clerk of Court
US District Court  District of Columbia

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Imperial Enterprises, INC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. (or Docket No.) |
| | ) | |
| v. | ) | 1:11-cv-00529-RBW |
| | ) | |
| | ) | |
| Robert Temple | ) | |
| | *pro se* ) | |
| 718-715-1117 | ) | |
| and multiple John Does | ) | |
| | ) | |
| Defendants, | ) | |

## MOTION FOR PROTECTIVE ORDER

This motion is pursuant to Rule 37, F. R. Civ. Pr., and is for a protective order to

be issued in the above styled case, and files this motion not to make an appearance, but to

contest personal jurisdiction, and is made by the undersigned who states that:

1. The undersigned has complied with Rule 37(1) in that he has conferred with
   the party failing to make disclosure or discovery, namely, his internet service
   provider, who provided notice of the underlying action and the expressed
   opportunity to file a motion to quash a subpoena.

2. Notice is not required to all parties under the rule.

3. This is filed in the court where the discovery is to be taken on a non-party,
   pursuant to Rule 37(2).

4. The purpose of the various filings by the undersigned is to protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court.

5. The authority of this motion is based on principles higher than statutory authority, that of personal jurisdiction guaranteed by the constitution. <u>See</u>, <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945).

WHEREFORE, the undersigned would respectfully request an order protecting his identity, substantially in the form of "John Doe #XXXX (identity protected) has filed motion for protective order in this case, and all filings shall be redacted to eliminate personal information when electronically docketed."

Dated this 19   day of   April        , 20 11       .

Respectfully submitted,

X _____, pro se

Name:                     Robert Temple

Address Ln1:              P.O. Box 203

Address Ln2:

City, State, Zip:     Analomink        PA          18320

Phone Number:           718-715-1117

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Imperial Enterprises, INC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. (or Docket No.) |
| | ) | |
| v. | ) | 1:11-cv-00529-RBW |
| | ) | |
| Robert Temple | ) | |
| | ) | |
| 718-715-1117 *pro se* | ) | |
| and multiple John Does | ) | |
| | ) | |
| Defendants, | ) | |

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P.

45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an

order quashing the subpoena served on PenTeleData _____, the internet service

provider (ISP) of the undersigned, seeking information relating to subscriber information

of a certain IP address, and states that:

1.  The undersigned was not the direct recipient of the subpoena at issue in this case,

    but is instead an end user of the above named Internet Service Provider (ISP), but

    has standing to file this motion to quash pursuant to the personal right and

    privilege of protection of information, identity, rights of jurisdiction, and in

Received
Mail Room

Angela H. Caesar, Clerk of Court
US District Court, District of Columbia

burden of travel.  See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2. The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown.  See generally, Plant v. Does, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3.  Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4. After amending the Plaintiff's complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the District of Columbia, without transacting any business in the District of Columbia, and without any other sufficient minimum contacts.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).  See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

5. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

6. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-location technologies). See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

7. Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

8. Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

9. Allowing Plaintiff to proceed without quashing this subpoena would allow
general jurisdiction in any federal court against any person across the country, or
the world, so long as the claim involved a John Doe defendant and internet use,
and such precedent violates due process as it offends "traditional notions of fair
play and substantial justice" as guaranteed by the U.S. Constitution. See
International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays this honorable court quash the
subpoena requesting subscriber information relating to my IP address issued against the
Internet Service Provider in the instant case, and suspend discovery pursuant to the local
rules.

The undersigned would respectfully request an order protecting his identity,
ubstantially in the form of "The dubpoena seeking information from
regarding John Doe #XXXX (identity protected), is hereby quashed."

Dated this 19 day of April , 20 11 .

Respectfully submitted,

X _____ , pro se

Robert Temple

Name:

Address Ln1:                    P.O. Box 203

Address Ln2:

City, State, Zip:    Analomink      PA        18320

Phone Number:        718-715-1117

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| IMPERIAL ENTERPRISES, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:11-cv-00529-RBW |
| | ) | |
| DOES 1 - 3,145 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  PenTeleData, PO Box 197, Palmerton, PA 18071

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to the attached Order dated April 5, 2011, provide the name, current and permanent address, telephone number, e-mail address and Media Access Control Address, of all individuals ("Does") whose IP addresses are listed in the attached spreadsheet.  The Order states that the ISP shall give written notice, which may include e-mail notice, to any affected subscribers within five business days of service.

| Place:  Ellis L. Bennett, Dunlap Grubb & Weaver, PLLC 1200 G Street, NW Suite 800, Washington, DC 20005 | Date and Time: 05/16/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  04/06/2011

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____**Plaintiff**_____
Imperial Enterprises, Inc. _____ , who issues or requests this subpoena, are:
Ellis L. Bennett, Dunlap Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel: 866-999-3758, Fax:  866-999-3758, email: ebennett@dglegal.com

Received
Mail Room

AO 88B (Rev  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IMPERIAL ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-529 (RBW) |
| | ) | |
| DOES 1 – 3,145, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

The Court having considered the plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, and it appearing to the Court that there is good cause to grant the relief requested therein based upon the need for the plaintiffs to serve subpoenas to ascertain the identity of the defendants in this case, see Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-9 (D.D.C. 2008) (Kollar-Kotelly, J.), it is

**ORDERED** that the plaintiff's motion is **GRANTED**. It is further

**ORDERED** that the plaintiff may conduct immediate discovery by serving the internet service providers listed in Exhibit A to the Complaint with a subpoena under Federal Rule of Civil Procedure 45 for the purpose of identifying each Doe defendant, such as the individual's name, current and permanent address, telephone number, e-mail address, and Media Access Control Address. It is further

**ORDERED** that the plaintiff may serve a Rule 45 subpoena in the same manner stated in the preceding decretal paragraph on any intermediary internet service provider identified in response to a subpoena as providing online services and/or network access to one of the Doe defendants. It is further

**ORDERED** that any information disclosed to the plaintiff in response to a Rule 45 subpoena may be used by the plaintiff solely for the purpose of protecting the plaintiff's rights as set forth in the Complaint. It is further

**ORDERED** that if and when an internet service provider is served with a subpoena, the provider shall give written notice, which may include e-mail notice, to any affected subscribers within five business days, and such notice shall inform the subscribers of their right to challenge the subpoena in this Court. It is further

**ORDERED** that if the internet service provider or any defendant seeks to modify or quash a subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than thirty days from the date of service. It is further

**ORDERED** that the internet service provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

**ORDERED** that the plaintiff shall provide each subpoenaed internet service provider with a copy of this Order as well as the Complaint in this action. It is further

**ORDERED** that on or before June 6, 2011, the plaintiff shall file a status report apprising the Court of its progress in determining the identity of the Doe defendants, as well as an expected completion date of the discovery allowed by this Order.

**SO ORDERED** this 5th day of April, 2011.

REGGIE B. WALTON
United States District Judge

2

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Imperial Enterprises, Inc.** | ) | |
| **21817 Plummer St., Suite C** | ) | |
| **Chatsworth, CA 91311** | ) | |
| | ) | |
| **v.** | ) | **No.** _____ |
| | ) | |
| **DOES 1 – 3,545** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Defendants, allege:

### JURISDICTION AND VENUE

1.   This is a civil action seeking damages and injunctive relief for copyright infringement

under the copyright laws of the United States (17 US.C. § 101 *et seq.*).

2.   This Court has jurisdiction under 17 US.C. §101 *et seq.*; 28 US.C. § 1331 (federal

question); and 28 US.C. § 1338(a) (copyright).

3.   The manner of the transfer of Plaintiff's motion pictures among the P2P network users is

called a "BitTorrent protocol" or "torrent" which is different than the standard P2P protocol used

for such networks as Kazaa and Limewire.  The BitTorrent protocol makes even small computers

with low bandwidth capable of participating in large data transfers across a P2P network.  The

initial file-provider intentionally elects to share a file with a torrent network.  This initial file is

called a seed.  Other users ("peers") on the network connect to the seed file to download.  As yet

additional peers request the same file each additional user becomes a part of the network from

where the file can be downloaded.  However, unlike a traditional peer-to-peer network, each new

file downloader is receiving a different piece of the data from each user who has already

1

downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

4.   This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is *simultaneously* stealing copyrighted material from many ISPs in numerous jurisdictions around the country.

5.   Venue in this District is proper under 28 US.C. § 1391(b) and/or 28 US.C. §1400(a). Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights. On information and belief, such unlawful distribution occurred in every jurisdiction in the United States, including this one. In addition, each Defendant contracted with an Internet Service Provider found in this District to provide each Defendant with access to the Internet.

2

## PARTIES

6. Plaintiff Imperial Enterprises (the "Plaintiff") is a creator and distributor of motion pictures. Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of the Plaintiff's copyrighted motion pictures. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that the Plaintiff spends significant funds to create and/or distribute. Each time a Defendant unlawfully distributes a free copy of the Plaintiff's copyrighted motion pictures to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. The Plaintiff now seeks redress for this rampant infringement of their exclusive rights.

7. Plaintiff Imperial Enterprises, Inc. is a California Corporation, with its principal place of business at 21817 Plummer Street, Suite C, Chatsworth, CA 91311. Plaintiff is engaged in the production, acquisition, and distribution of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution. Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in the motion pictures that have been unlawfully distributed over the Internet by the Defendants.

8. The true names of Defendants are unknown to the Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant thus far identified, together with the date and time at which his or her infringing activity was observed, is included on

3

Exhibit A hereto.  Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend this Complaint to state the same.  Plaintiff further believes that the information obtained in discovery will lead to the identification of additional infringing parties to be added to this Complaint as defendants, since monitoring of online infringement of Plaintiff's motion picture is ongoing.

### COUNT I
### INFRINGEMENT OF COPYRIGHTS

9.  The Plaintiff is responsible for the creation, development, production, and distribution of the commercially released motion picture titles listed below that have significant value and have been produced and created at considerable expense.  At all relevant times the Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for certain copyrighted works, including but not limited to the screenplays and films (collectively, including registered derivative works, the "Copyrighted Motion Pictures") which are the subject of valid Certificate of Copyright Registrations issued by the Register of Copyrights as detailed below, with the corresponding copyright registrations as follows:

| TITLE | REGISTRATION NUMBER(S) |
|---|---|
| Teen Paradise 4 | PA0001715303 |
| Tokyo Cougar Creampies | PA0001718173 |

10. The Copyrighted Motion Pictures contain a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

11. The Plaintiff is informed and believes that each Defendant, without the permission or consent of the Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Pictures.  The Plaintiff has identified each Defendant by the IP address

4

assigned to that Defendant by his or her ISP on the date and at the time at which the infringing activity of each Defendant was observed. In doing so, each Defendant has violated the Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of the Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.*).

12. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

13. As a result of each Defendant's infringement of the Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to its attorneys' fees and costs pursuant to 17 US.C. § 505.

14. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiff's copyright and ordering that each Defendant destroy all copies of the Copyrighted Motion Pictures made in violation of the Plaintiff's copyrights.

**WHEREFORE,** the Plaintiff prays for judgment against each Defendant as follows:

1. For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing the Plaintiff's rights in the Copyrighted Motion Pictures and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("the Plaintiff's Motion Pictures"), including without limitation by using the Internet to reproduce or copy the Plaintiff's Motion Pictures, to distribute the Plaintiff's Motion Picture, or to make the Plaintiff's Motion Pictures available for distribution to the public,

5

except pursuant to a lawful license or with the express authority of the Plaintiff. Defendant also shall destroy all copies of the Plaintiff's Motion Pictures that Defendant has downloaded onto any computer hard drive or server without the Plaintiff's authorization and shall destroy all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

2. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of the Plaintiff.

3. For the Plaintiff's costs.

4. For the Plaintiff's reasonable attorneys' fees.

5. For such other and further relief as the Court deems proper.

6

Respectfully Submitted,

**Imperial Enterprises, Inc.**

**DATED**: March _9_, 2011

By: _____

Ellis L. Bennett, Bar #479059
Dunlap Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
ebennett@dglegal.com
703-777-7319 (telephone)
703-777-3656 (fax)

On Behalf of Kenneth J. Ford, *Not Admitted*
Adult Copyright Company
322 W. Washington Street, Suite 8
Charles Town, WV 25414
kford@adultcopyrightcompany.com
304-945-0288 (telephone)
304-945-0288 (select fax option)

*Attorney for the Plaintiff*

Case 1:11-cv-00529-RBW   Document 1-1   Filed 03/10/11   Page 18 of 70
Copy of Imperial Enterprise-2.xls

| # | IP | Timestamp | Title | ISP |
|---|---|---|---|---|
| 867 | 96.44.21.121 | 1/28/10 05:08:06 PM | Teen Paradise 4 | NTS Connections, LLC |
| 868 | 67.231.49.83 | 12/1/10 09:43:45 PM | Teen Paradise 4 | Ocala Electric Utility |
| 870 | 67.82.236.90 | 2/22/11 12:25:46 AM | Teen Paradise 4 | Optimum Online |
| 871 | 74.89.93.220 | 2/23/11 04:18:39 AM | Teen Paradise 4 | Optimum Online |
| 872 | 24.186.66.212 | 2/23/10 11:41:14 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 873 | 173.3.109.158 | 2/23/10 11:42:31 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 874 | 67.85.167.51 | 2/23/10 12:53:28 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 875 | 68.197.226.214 | 1/26/10 06:02:12 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 876 | 173.2.127.111 | 2/27/10 12:38:52 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 877 | 67.83.206.81 | 12/10/n0 12:42:50 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 878 | 67.84.99.91 | 12/10/n0 11:21:19 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 879 | 67.87.114.86 | 12/12/10 01:22:15 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 880 | 67.87.114.86 | 12/19/10 09:34:38 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 881 | 173.2.127.111 | 12/19/10 10:00:32 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 882 | 173.2.127.111 | 1/15/11 07:07:04 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 883 | 173.2.127.111 | 2/1/11 01:27:50 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 884 | 24.186.157.149 | 2/6/11 02:45:38 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 885 | 68.199.7.28 | 12/1/10 04:47:45 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 886 | 24.184.168.228 | 12/1/10 08:03:34 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 887 | 69.121.83.230 | 1/22/10 02:29:04 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 888 | 67.82.251.110 | 12/2/10 04:20:34 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 889 | 24.46.96.88 | 12/2/10 05:42:48 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 890 | 69.112.96.83 | 12/2/10 01:05:38 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 891 | 173.2.1.19 | 12/23/10 12:41:45 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 892 | 68.197.195.144 | 12/4/10 07:49:14 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 893 | 69.122.39.113 | 12/7/10 12:25:01 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 894 | 69.115.244.111 | 12/7/10 05:46:55 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 895 | 67.85.198.20 | 12/19/10 12:50:38 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 896 | 69.119.57.78 | 12/3/10 11:43:14 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 897 | 173.3.3.217 | 12/24/10 08:04:06 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 898 | 68.195.169.1 | 12/7/10 02:55:17 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 899 | 69.124.200.171 | 12/12/10 10:56:55 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 900 | 69.120.82.127 | 1/18/11 10:47:09 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 901 | 69.124.173.95 | 2/3/10 11:30:38 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 902 | 24.46.57.53 | 12/7/10 07:47:09 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 903 | 68.193.134.68 | 12/10/10 01:29:50 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 904 | 74.88.7.237 | 12/14/10 02:15:57 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 905 | 24.190.233.213 | 12/17/10 04:42:04 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 906 | 68.198.111.149 | 12/19/10 04:58:26 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 907 | 67.85.57.54 | 12/19/10 06:06:10 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 908 | 67.82.236.90 | 1/5/11 01:56:02 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 909 | 96.56.187.91 | 1/15/11 06:54:45 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 910 | 69.112.112.182 | 1/22/10 03:10:34 PM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 911 | 216.169.216.236 | 1/26/10 08:08:00 AM | Teen Paradise 4 | Optimum Online (Cablevision Systems) |
| 912 | 70.35.74.113 | 2/2/10 01:55:25 AM | Teen Paradise 4 | Orlando Telephone Company |
| 913 | 24.115.22.69 | 12/6/10 07:17:35 AM | Teen Paradise 4 | PBT Communications |
| 914 | 38.105.231.178 | 12/3/10 08:06:15 AM | Teen Paradise 4 | PenTeleData |
| 915 | 38.105.231.178 | 1/13/11 05:16:01 PM | Teen Paradise 4 | Performance Systems International |
| 916 | 38.99.60.154 | 1/22/11 11:15:21 AM | Teen Paradise 4 | Performance Systems International |
| 917 | 38.99.131.130 | 12/15/10 05:44:38 PM | Teen Paradise 4 | Performance Systems International |

| # | IP | Date/Time | Work | ISP |
|---|---|---|---|---|
| 2805 | 87.82.115.81 | 12/26/10 09:20:52 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2806 | 173.2.82.131 | 1/2/11 06:33:06 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2807 | 98.198.158.234 | 1/5/11 03:41:14 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2808 | 24.185.237.255 | 1/5/11 04:42:08 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2809 | 68.120.92.127 | 1/8/11 03:47:09 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2810 | 68.199.0.169 | 1/9/11 04:13:13 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2811 | 68.197.97.168 | 1/9/11 05:36:19 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2812 | 68.192.2.237 | 1/9/11 05:14:54 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2813 | 69.127.101.225 | 1/15/11 05:01:54 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2814 | 69.124.175.217 | 1/27/11 02:37:57 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2815 | 24.228.110.159 | 1/28/11 12:02:30 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2816 | 24.185.119.199 | 1/28/11 02:41:29 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2817 | 69.125.237.75 | 1/28/11 02:20:48 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2818 | 24.185.124.110 | 1/28/11 05:57:01 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2819 | 24.188.186.229 | 1/30/11 06:58:20 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2820 | 68.197.207.214 | 1/30/11 12:18:10 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2821 | 68.192.215.21 | 2/1/11 04:43:04 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2822 | 68.198.87.216 | 2/6/11 06:04:07 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2823 | 69.124.156.241 | 2/13/11 03:55:01 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2824 | 173.3.128.149 | 2/13/11 12:36:15 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2825 | 87.82.97.110 | 2/13/11 01:31:16 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2826 | 69.119.181.180 | 2/13/11 02:11:48 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2827 | 68.194.120.148 | 2/14/11 12:58:44 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2828 | 68.115.17.251 | 2/14/11 07:58:28 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2829 | 24.185.52.209 | 2/21/11 01:51:30 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2830 | 68.117.214.77 | 2/14/11 07:35:32 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2831 | 69.127.40.131 | 2/16/11 04:49:49 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2832 | 69.124.11.132 | 2/18/11 05:15:19 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2833 | 87.82.115.81 | 2/18/11 03:54:54 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2834 | 87.84.153.250 | 2/20/11 03:54:02 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2835 | 24.44.31.78 | 2/25/11 08:45:02 PM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2836 | 173.2.82.131 | 2/11/11 03:29:15 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2837 | 69.114.197.151 | 1/5/11 12:42:59 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2838 | 173.2.55.208 | 2/11/11 12:53:30 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2839 | 24.44.31.221 | 1/7/11 10:30:58 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2840 | 173.3.193.216 | 1/7/11 10:17:32 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2841 | 68.112.107.186 | 1/10/11 12:05:44 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2842 | 98.117.198.52 | 1/20/10 04:37:42 AM | Tokyo Cougar Creampies | Optimum Online (Cablevision Systems) |
| 2843 | 70.15.199.90 | 1/6/10 10:05:14 PM | Tokyo Cougar Creampies | Orlando Telephone Company |
| 2844 | 24.238.32.217 | 1/5/10 09:30:12 AM | | PenTeleData |
| 2845 | 65.255.88.183 | 12/15/10 12:56:31 PM | Tokyo Cougar Creampies | PenTeleData |
| 2846 | 216.16.48.100 | 12/27/10 03:21:10 PM | Tokyo Cougar Creampies | PrairieWave Telecommunications |
| 2847 | 208.82.47.115 | 1/15/11 02:47:57 AM | Tokyo Cougar Creampies | Pulaski Electric System |
| 2848 | 128.211.173.36 | 2/11/11 01:19:22 AM | Tokyo Cougar Creampies | Purdue University |
| 2849 | 89.211.58.141 | 1/13/11 09:05:16 AM | Tokyo Cougar Creampies | Qatar Telecom |
| 2850 | 67.0.41.20 | 12/13/11 11:46:19 AM | | Qwest Communications |
| 2851 | 7.137.148.107 | 12/31/10 09:13:32 PM | | Qwest Communications |
| 2852 | 174.29.205.42 | 12/14/10 02:47:57 AM | | Qwest Communications |
| 2853 | 174.20.11.213 | 12/15/10 05:22:59 PM | | Qwest Communications |
| 2854 | 70.59.222.86 | 12/17/10 11:57:22 AM | | Qwest Communications |
| 2855 | 65.101.230.178 | 12/17/10 05:01:36 AM | | Qwest Communications |

# UNITED STATES DISTRICT COURT

# FOR THE  DISTRICT OF COLUMBIA

Imperial Enterprises, INC )
)
)
Plaintiff, )
)           Civil Action No. (or Docket No.)
)
v. )           1:11-cv-00529-RBW
)
)
Robert Temple )
*pro se* )
718-715-1117 )
and multiple John Does )
)
Defendants, )

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P.

12(b)(2), and limits his appearance for the purposes of contesting jurisdiction, for an

order dismissing the above case against the undersigned, and states that:

*Lack of Personal Jurisdiction*

1. The Plaintiff bears the burden of demonstrating personal jurisdiction. RAR, Inc.,
v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997).

2. Federal cases with personal jurisdiction analysis under internet activity have
repeatedly dismissed complaints for want of personal jurisdiction unless a
contractual relationship exists with a party located within the state to establish
sufficient minimum contacts, and no such relationship has been plead by the

1



Plaintiff. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-

49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29

(2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir.

1997).

3.  Plaintiff is fully aware of this court's lack of personal jurisdiction of the

undersigned, and is simply using this court to obtain information to subject the

undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be

located geographically to determine the proper jurisdiction without such John Doe

discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-

location technologies). See also Universal City Studios Productions LLLP v.

Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006)

(plaintiff's memorandum of law seeking default judgment for copyright

infringement over the internet, discussing geolocation of an ISP and claiming that

statutory damages were reasonably related to the hiring of MediaSentry,

whereupon investigation of the location of the ISP, they would file a John Doe

suit in the jurisdiction where the ISP is located in order to serve discovery).

4.  Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the

John Doe identity will be established and the case will immediately be amended,

and the undersigned will be added as a party to the case, and immediately the

court will lack personal jurisdiction. Requiring individuals from across the

country to litigate in this district creates exactly the sort of hardship and

unfairness that the personal jurisdiction requirements exist to prevent.  See International Shoe at 311.  See also U.S. Const. amend. XIV.

5. Allowing Plaintiff to proceed with their complaint against the defendant violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution.  See  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

*Impermissive Joinder*

6. Plaintiff has joined many multiple defendants in this action, pursuant to Fed. R. Civ. P. 20 which states:

"Persons . . . maybe joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action."

7. Logically, many separate cases that would not be proper for joinder will share questions of law, but by the very nature of the available defenses to this copyright infringement, it follows that each defendant is likely to have different facts in their defense, and therefore have different questions involving different areas of law, each having their own alleged separate behavior.

8. The courts have ordered severance of lawsuits involving similar alleged transactions of copyright infringement.  See e.g., LaFace Records, LLC v. Does 1-

3

38, 2008 WL 544992 (E.D.N.C. Feb 27, 2008) (stating that the same type of violation does not allow for joinder of defendants); BMG Music v. Does 1-4, 2006 U.S. Dist. Lexis 53237, at 5-6 (N.D. Cal. July 31, 2006) (court severed defendants where only connection was they used the same ISP); Interscope Records v. Does 1-25, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended severance of multiple defendants where they used the same ISP and P2P network for copyright infringement); Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (copyright suit against twelve John Doe defendants, court permitted discovery of first Doe defendant but stayed case as to remaining Does until plaintiff could demonstrate proper joinder).

9. Based on the available defenses of all defendants, and separate set of facts and law surrounding, each potential defendant, the Plaintiff has impermissibly joined multiple defendants in violation of Rule 20, Fed. R. Civ. P.

WHEREFORE, the undersigned Defendant prays that this honorable court dismiss the Plaintiff's complaint as it pertains to the undersigned for lack of personal jurisdiction, or in the alternative, to remove the case from this court to a proper location, and the undersigned moves for a severance of all Defendants, or in the alternative, the undersigned moves for a severance of the case against him/her personally from the rest of the Defendants.

The undersigned proposes an order similar in form to: "The case against "John Doe #4000 (identity protected)" is hereby dismissed."

4

Dated this 19    day of   April       , 2011     .

Respectfully submitted,

X _____ , *pro se*

Name:           Robert Temple

Address Ln1:    P.O. Box 203

Address Ln2:

City, State, Zip:   Analomink      PA      18320

Phone Number:    718-715-1117

## UNITED STATES DISTRICT COURT

## FOR THE  DISTRICT OF COLUMBIA

Imperial Enterprises, INC  )
          )
          )
      Plaintiff, )   Civil Action No. (or Docket No.)
          )
v.          )   1:11-cv-00529-RBW
          )
Robert Temple     )
       *pro se* )
718-715-1117     )
and multiple John Does   )
          )
      Defendants, )

## AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

### Filed Under Penalty of Perjury

 I, Robert Temple    , the Affiant, am making and filing this affidavit

solely in support of disputing jurisdiction in the above styled matter. However, in the

event that jurisdiction is found proper, and proper service is effected on the undersigned,

and if no supplementary answer is filed by the Defendant within 30 days of service, the

intent of this affidavit shall be changed to be considered to be a verified response to the

Plaintiff's complaint, negatively averring all claims, and setting forth affirmative

defenses.  I hereby certify that the following statements are true, and upon being first

duly sworn on oath and before a person authorized to take swear and accept such oath, I,

the Affiant, sayeth that:

<i>Personal Jurisdiction</i>

Received
Mail Room

Angela D. Caesar, Clerk of Court
US District Court District of Columbia

1

1. Affiant has had no contact and done no business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sought.

2. Affiant does not reside within the state or district in which the above styled case was filed, and instead resides in  Analomink        PA          18320

3. Affiant has not caused tortuous injury within the state or district in which the above styled case was filed.

4. Affiant does not regularly solicit business within the state or district in which the above styled case was filed.

5. Affiant does not engage in any other persistent course of conduct within the state or district in which the above styled case was filed.

6. Affiant does not derive substantial revenue from goods used or consumed, or services rendered, within the state or district in which the above case was filed.

7. I have taken no action, and had no contacts, which would reasonably allow me to anticipate being haled into court within the state or district in which the above case was filed.

8. I am unaware of any defenses that I have taken that are similar in nature to the other Defendants in this case, and I am unaware of any reasonable connection between myself and the cases of the other Defendants.

*General Defenses/Affirmative Defenses*

Affiant, by virtue of selection by mark of the below affirmative defenses, adopts the statements as true within this affidavit:

☑ Affiant had their computer, and other internet devices, inspected by a technician and found an infection of malicious software installed without consent of Affiant.  Through this malicious software, a user, other than the Affiant, could have routed peer-to-peer traffic through the computer of Affiant, and making it appear to the Plaintiff as if the Affiant had committed an act of infringement. Affiant has no knowledge of the alleged infringement.

☐ Affiant runs an operating system (e.g. Linux, Windows Server, etc.) which would allow a bittorent client to be operated by a remote user, and had such system open to multiple users at the time of alleged infringement.  A user, other than the Affiant, could have committed the alleged infringement.  Affiant has no knowledge of the alleged infringement.

☐ Affiant runs a Virtual Private Network, Proxy Server, or other such internet traffic re-routing server, and had such system open to multiple users at the time of the alleged infringement.  A user, other than the affiant, could have committed the alleged infringement.  Affiant has no knowledge of the alleged infringement.

☐ Affiant has a wireless router **without** security enabled (e.g. WEP, WPA, WPA2) and the internet address responsible for the alleged infringement was available for use to the general public within range.  Affiant has no knowledge of the alleged infringement.

☐ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP address (internet connection).  Affiant has no knowledge of the alleged infringement.

☑ Affiant has a wireless router **with** only WEP security enabled, and therefore the internet address responsible for the alleged infringement was susceptible to use to by the general public within range.  Affiant has no knowledge of the alleged infringement.

☐ Affiant downloaded the movie, but such movie was intended to be used or used for non-profit educational purposes.

☑ Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of the alleged infringement.

☐ Affiant owned a DVD of the movie during the alleged infringement and downloaded the movie in an effort to make a backup copy of the film on their computer.

☐ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP

address (internet connection).  Affiant has knowledge of the alleged infringement, but did not commit the alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Dated        04     / 19     /20 11

Print Name:              X _____ , *pro se*

Robert Temple

**THE FOREGOING FACTS** were sworn to, subscribed and acknowledged as true before me on this 19 day, of April, 2011, by Robert Temple who is personally known to me or who produced a valid state driver's license as identification and who did take an oath.

Notary Public - State of ___ PA ___

Printed Name: MAXINE WILKINSON-DAVY

My Commission No.: 122 6565

My Commission Expires: AUGUST 25, 2014

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MAXINE WILKINSON DAVY, NOTARY PUBLIC
STROUD TOWNSHIP MONROE COUNTY
MY COMMISSION EXPIRES AUG 25, 2014

Dated this 19 day of   April         , 2011         .

Respectfully submitted,

X _____ , *pro se*

Robert Temple

Name:

Address Ln1:              P.O. Box 203

Address Ln2:

City, State, Zip:        Analomink        PA        18320

Phone Number:          718-715-1117