UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
IMPERIAL ENTERPRISES, INC.,                   )
                                              )
                  Plaintiff,                  )
                                              )
         v.                                   )   Civil Action No. 11-529 (RBW)
                                              )
DOES 1 – 3,145,                               )
                                              )
                  Defendants.                 )
_____)

**ORDER**

Imperial Enterprises, Inc., the plaintiff in this civil case, seeks an award of damages, injunctive relief, and attorneys' fees against 3,145 unknown defendants for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 501-505 (2006). Complaint (the "Compl.") ¶¶ 13-14. Specifically, the plaintiff alleges that these unknown defendants "cop[ied] and distribut[ed] . . . unauthorized copies of the [p]laintiff's copyrighted motion pictures" over the Internet. Id. ¶ 6. At the time the Complaint was filed, the "true names of [the d]efendants [were] unknown to the [p]laintiff," and the defendants were only "known to [the p]laintiff . . . by the [i]nternet [p]rotocol . . . address assigned to that [d]efendant by his or her [i]nternet [s]ervice [p]rovider on the date and . . . time at which the [alleged] infringing activity of each [d]efendant was observed." Id. ¶ 8. The Court then granted the plaintiff leave on April 5, 2011, to "conduct immediate discovery" in this case "by serving the internet service providers . . . with a subpoena under Federal Rule of Civil Procedure 45 for the purpose of identifying each Doe defendant, such as the individual's name, current and permanent address, telephone number, e-mail address, and Media Access Control Address." April 5, 2011 Order at 1, Imperial Enter., Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.). PenTeleData, an internet service provider that

was apparently served with a subpoena pursuant to the Court's April 5, 2011 Order, notified Robert Temple that his personal information would be released to the plaintiff. See April 19, 2011 Letter from Robert Temple ("Apr. 19, 2011 Letter") at 1 (informing the Court that Mr. Temple's internet service provider "notified [him] of a subpoena" regarding his internet protocol address); Motion to Quash and/or Vacate Subpoena and Incorporated Memorandum of Law ("Temple's Mot. to Quash") at 1 (noting that a subpoena had been served on PenTeleData).

Mr. Temple objects to having his personal information revealed to the plaintiff by PenTeleData. In a letter addressed to the Court and dated April 19, 2011, Mr. Temple informed the Court that he had "no knowledge of the[] files [that] the [p]laintiff states [he] willingly and knowingly downloaded and made available for distribution." Apr. 19, 2011 Letter at 1. Mr. Temple also attached to his letter a motion to quash the subpoena, a motion for a protective order, and a motion to dismiss the complaint for lack of personal jurisdiction. In his motion to quash, Mr. Temple argues that by allowing his internet service provider to disclose his identity to the plaintiff, he "would be subjected to . . . personal jurisdiction . . . in the District Court for the District of Columbia, without [having] transacted any business in the District of Columbia, and without any other sufficient minimum contacts." Temple's Mot. to Quash ¶ 4. Similarly, he argues in his motion for a protective order that "the purpose of the various filings . . . is to protect [Mr. Temple's] identity from being disclosed to the [p]laintiff and automatically subjecting himself to the jurisdiction of this [C]ourt." Motion for Protective Order ¶ 4. As for his motion to dismiss, Mr. Temple argues that "[a]llowing [the p]laintiff to proceed with their complaint against [him] violates due process as it 'offends traditional notions of fair play and substantial justice.'" Motion to Dismiss for Lack of Personal Jurisdiction and Incorporated Memorandum of Law ¶ 5 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Contrary to Mr. Temple's contentions, however, the disclosure of his name and address to the plaintiff does not automatically subject him to the jurisdiction of this Court. Indeed, Mr. Temple is not currently a defendant in this lawsuit, and he can only be a defendant in this lawsuit if the plaintiff amends its complaint and actually names him as a defendant. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). In fact, it is not even clear at this point whether Mr. Temple will ever be a defendant in this case; the plaintiff, after all, could conclude after discovering Mr. Temple's identity and personal information that no action should (or could) be taken against him.[1] But even if the plaintiff eventually amends its complaint and names Mr. Temple as a defendant in this lawsuit, Mr. Temple could at that time move for dismissal on the grounds that the Court lacks personal jurisdiction over him, Fed. R. Civ. P. 12(b)(2), so long as his arguments in support of the motion are, inter alia, "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2). To be sure, if merely naming an individual in a lawsuit was sufficient for the Court to exercise personal jurisdiction over that defendant, then the various defendants in the cases cited by Mr. Temple in support of his motions could not have prevailed on their respective personal jurisdiction challenges. See GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1350 (D.C. Cir. 2000) (rejecting, based on the record before the Circuit, district court's ruling that personal jurisdiction over defendant BellSouth was proper); Mink v. AAAA Dev. LLC, 190 F.3d 333, 337 (5th Cir. 1999) (affirming district court's dismissal of claims against defendants Middlebrook and AAAA Development for lack of

---

[1] In fact, the plaintiff has already filed several notices of dismissal with prejudice against other Doe defendants in this case. See Notice of Dismissal With Prejudice of Doe Defendant (No. 2182) at 1, Imperial Enter., Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.), ECF No. 6; Notice of Dismissal With Prejudice of Doe Defendant at 1 (No. 1937), Imperial Enter., Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.), ECF No. 10; Notice of Dismissal With Prejudice of Doe Defendant at 1 (No. 1924), Imperial Enter., Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.), ECF No. 11.

personal jurisdiction); <u>Bensusan Rest. Corp. v. King</u>, 126 F.3d 25, 26 (2d Cir. 1997) (affirming district court's dismissal of claims brought against defendant Richard King for lack of personal jurisdiction).  Mr. Temple's arguments are simply without merit, and his motions to quash and for a protective order, therefore, must be denied.

As for Mr. Temple's motion to dismiss for lack of personal jurisdiction, the Court will deny the motion without prejudice.  As noted in the previous paragraph, Mr. Temple has not been named as a defendant in this lawsuit, and he may never be named as a defendant in this suit.  Thus, Mr. Temple's challenge to this Court's jurisdiction over him is premature.

Accordingly, it is

**ORDERED** that Mr. Temple's motion to quash the plaintiff's subpoena is **DENIED**.  It is further

**ORDERED** that Mr. Temple's motion for a protective order is **DENIED**.  It is further

**ORDERED** that Mr. Temple's motion to dismiss for lack of personal jurisdiction is **DENIED** without prejudice.

**SO ORDERED** this 15th day of June, 2011.

                                REGGIE B. WALTON
                                United States District Judge