**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Imperial Enterprises, Inc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number 1:11-cv-00529-RBW** |
| | ) | |
| **DOES 1 – 3,545** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ———————————————————— | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO QUASH [DOC. NO. 13]

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ......................................................................................................2

    A. STANDARDS ON MOTIONS TO QUASH...............................................2

    B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN

DISCOVERY

AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID

INFRINGE PLAINTIFF'S COPYRIGHTS ...................................................3

    C. DOE DEFENDANT'S ARGUMENT THAT HE/SHE DID NOT ENGAGE IN

THE   ALLEGED INFRINGEMENT IS INAPPROPRIATE ON A MOTION TO

QUASH.................................................................................................4

    D. DOE DEFENANT'S MOTION IS PROCEDURALLY DEFECTIVE .........................5

    E. DOE DEFENDANT'S ARGUMENTS RELATED TO SERVICE OF THE

SUBPOENA IS MISPLACED…………………………………………………...........6

III. CONCLUSION…………………………………………………………...........10

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff submits this Memorandum of Points and Authorities in Opposition to the Motion to Quash Filed by Doe Defendant 935.[1]  Notably, the Court denied a similar Motion to Quash filed by another Doe Defendant recently by Order dated June 15, 2011 [Doc. 16].  For the reasons set forth in the June 15, 2011 Order and for the reasons set forth below, the Motion of Doe Defendant 935 should likewise be denied.

I.      INTRODUCTION

Imperial Enterprises, Inc., the plaintiff in this civil case, seeks an award of damages, injunctive relief, and attorneys' fees against 3,145 unknown defendants for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 501-505 (2006). Complaint (the "Compl.") ¶¶ 13-14.  Specifically, the plaintiff alleges that these unknown defendants "cop[ied] and distribut[ed] . . . unauthorized copies of the [p]laintiff's copyrighted motion pictures" over the Internet. Id. ¶ 6.  At the time the Complaint was filed, the "true names of [the d]efendants [were] unknown to the [p]laintiff," and the defendants were only "known to [the p]laintiff . . . by the [i]nternet [p]rotocol . . . address assigned to that [d]efendant by his or her [i]nternet [s]ervice [p]rovider on the date and . . . time at which the [alleged] infringing activity of each [d]efendant was observed." Id. ¶ 8.  The Court then granted the plaintiff leave on April 5, 2011, to "conduct immediate discovery" in this case "by serving the internet service providers . . . with a subpoena under Federal Rule of Civil Procedure 45 for the purpose of identifying each Doe defendant, such as the individual's name, current and permanent address, telephone

1

---

[1] Inasmuch as no Defendants have been named individually undersigned counsel did not serve this pleading on anyone other than counsel for Doe Defendant 935 who was served via ECF notice.

number, e-mail address, and Media Access Control Address."  April 5, 2011 Order at 1, Imperial

Enter., Inc. v. Does 1-3,145, Civil Action No. 11-29 (RBW) (D.D.C.).  The Court's Order

required the various ISPs to notify any affected subscribers of their right to challenge the

subpoena in the issuing Court.  The instant Motion to Quash ("Motion") was brought by one of

the affected subscribers to challenge the subpoena to his ISP.  Because the Motion fails to provide

good cause for quashing the subpoena, Plaintiff requests that the Motion be denied.

     II.     ARGUMENT

     A.  STANDARDS ON MOTIONS TO QUASH

     A person served a discovery subpoena may move either for a protective order under Rule

26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c)

authorizes district courts, upon a showing of "good cause" by "a party or by the person from

whom discovery is sought" to "make any order which justice requires to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3)

provides that the court may quash or modify the subpoena if it requires disclosure of privileged or

other protected matter, if no exception or waiver applies, or if it subjects a person to undue

burden.

     The burden of persuasion in a motion to quash a subpoena is borne by the movant, and

the "burden is particularly heavy to support a 'motion to quash as contrasted to some more

limited protection.'"  Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C.

Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach.

Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421,

425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04

(D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."  Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue.  See Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see also Fonovisa, Inc. v. Does 1-19, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008) (holding that if the individual or entity whose identifying information was sought by a subpoena served on an ISP "believes that it has been improperly identified by the ISP, [the individual or entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

    B.  PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN
        DISCOVERY AND HAS MADE A PRIMA FACIE SHOWING THAT
        DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHT

The Court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants by identifying the Doe Defendants with sufficient specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  See April 5, 2011 Order at 1, Imperial Enter., Inc. v. Does 1-3,145, Civil Action No. 11-29 (RBW) (D.D.C.)  As more fully set out in  Plaintiff's Motion for Leave to Take

Discovery Prior to the Rule 26(f) Conference [Docs. 3 and 4], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant. *See id.* This information was obtained by proprietary tracing software program to trace the IP address for each Defendant, as detailed in the declaration in support of the Motion for Discovery. *See id.* However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further. *See id.* Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie on a specific date and time. *See id.* Again, Plaintiff utilized proprietary technology that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems. *See id.* Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because the Defendants were involved in offering files corresponding to Plaintiff's Movie for unlawful transfer or distribution. *See id.*

    C.  DOE DEFENDANT'S ARGUMENTS THAT HE/SHE WILL SUFFER

        UNREASONABLE ANNOYANCE, EMBARRASSMENT AND

        OPPRESSION IS INAPPROPRIATE ON A MOTION TO QUASH.

The merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. The court typically only examines the relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed to determine whether there is an "undue burden." Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002). As shown herein, there is no burden on these Doe Defendants, and Plaintiff's need for the documents is critical.

While this Doe Defendant may have defenses to this suit, such defenses are not at issue at this stage of the proceedings. See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses"). Moreover, there is nothing annoying, embarrassing or oppressing with regard to obtaining identifying information for this Doe Defendant, and this information is absolutely critical to Plaintiff's ability to pursue its claim.

### D. DOE DEFENDANT'S MOTION IS PROCEDURALLY DEFECTIVE

This Motion is procedurally defective in that this Doe Defendant never attempted to meet and confer with Plaintiff's counsel.

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. … A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR Rule 7(m).[2]

Here, this Motion did not include statements that any meet and confer discussions occurred because no such discussions have occurred.  Had this Doe Defendant met and conferred with Plaintiff's counsel, Plaintiff's counsel could have made this Doe Defendant's counsel aware of authorities showing that the Motion is not justified.

E.   DOE DEFENDANT'S ARGUMENTS RELATED TO SERVICE OF THE SUBPOENA IS MISPLACED.

Lastly, an additional argument has been made that the subpoena is invalid pursuant to Fed. R. Civ. P., Rule 45.  This argument is severely flawed.

First, a Doe Defendant advancing such argument misunderstands the basic premise of the subpoenas.  The subpoenas have been issued to the ISPs, not the Doe Defendants.  Again, the only way that Plaintiff can obtain the information related to the Doe Defendants, including name, address, and corresponding IP address, is from the ISPs.  The ISPs are the ones that have to produce documents and information in response to the subpoena, not the Doe Defendants.  Accordingly, the entities with standing to object on service grounds – the ISPs – have not done so.  Doe Defendants do not have standing to object to the form of the subpoena, only whether it requires production of documents or information for which the Doe Defendants have a privileged interest.

Even assuming the Doe Defendants somehow have standing to object to how the subpoenas were served on the ISPs, the Doe Defendants' arguments are severely flawed.

---

[2] Further, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

The provisions of Rule 45 relied upon by the Doe Defendants for quashing the subpoenas on service grounds only apply to subpoenas that require a witness to *travel* more than 100 miles.  The provisions relevant to the topic here are:

> *When Required.* On timely motion, the issuing court must quash or modify a subpoena that: … (ii) requires a person who is neither a party nor a party's officer *to travel more than 100 miles* from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Rule 45(c)(3)(A)(ii) (emphasis added).

> When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: … (iii) a person who is neither a party nor a party's officer to incur substantial expense *to travel more than 100 miles* to attend trial.

Rule 45(c)(3)(B)(iii) (emphasis added).

Again, the subpoenas at issue here were directed and sent to the ISPs.[3]  The subpoenas do not require any action from the Doe Defendants and definitely do not require the Doe Defendants to travel anywhere.  Overall, it is completely irrelevant where the Doe Defendants live in relation to where the subpoena was served or where the documents are to be produced.

Second, because the subpoenas only request the production of documents, and not the personal appearance of anyone for deposition or trial, no one is required to travel anywhere.  While Rule 45 does not prescribe an exact method by which a subpoenaed witness must produce documents, it does state that the witness need not actually appear at

7

---

[3]  The Doe Defendants have merely received a copy of the subpoenas along with notice from their ISPs that their information is being subpoenaed by Plaintiff.

the place requested for production:

> Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

Rule 45(c)(2)(A).  Therefore, neither Rule 45(c)(3)(A)(ii) nor Rule 45(c)(3)(B)(iii) justify quashing the subpoenas because no travel is required – the documents and information can be produced by mail, fax, or email.

Lastly, courts have continually enforced subpoenas served outside of the issuing district court and beyond 100 miles from the place called for production.  As stated in this Court:

> Counsel's argument that the subpoena is invalid because it requires CFS to produce documents at a location "well over the 100 mile limit set forth in Rule 45(c)(3)(A)(ii)" also is flawed; the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents "need not appear in person at the place of production or inspection." See Fed.R.Civ.P. 45(c)(2)(A). The subpoena can be enforced.

Walker v. Center for Food Safety, 667 F.Supp.2d 133, 138 (D.D.C. 2009) (Collyer, J.).

Similarly, in Premier Election Solutions, Inc. v. Systest Labs Inc., 2009 WL 3075597 (D. Colo. September 22, 2009), that court stated:

> [t]he court finds Rule 45(c)(3)(A)(ii)'s 100-mile range limitation inapplicable to the case at bar. First, as stated in the subpoena itself, '[a] person commanded to produce documents ... need not appear in person at the place of production ... unless also commanded to appear for a deposition, hearing, or trial.' Fed.R.Civ.P. 45(c)(2)(A). Nonparty iBeta has not been commanded to appear for a deposition, hearing or trial in this matter, but only to produce documents. Furthermore, iBeta's production of documents thus far in response to SysTest's subpoena has been by email and regular mail (Resp., Ex. 20, Attach.A), and there is no indication that iBeta intends to travel anywhere to produce any other documents. Since the subpoena does not require any representative of iBeta to travel

8

> anywhere, much less beyond Rule 45's 100-mile limitation, iBeta
> is not excused from obeying the subpoena on this basis.

Id., 2009 WL 3075597, *3.

Finally, in U.S. Bank Nat. Ass'n v. James, 264 F.R.D. 17, 19-20 (D. Maine 2010),

that court stated:

> Finally, the defendant invokes Fed.R.Civ.P. 45(b)(2)(B) as the
> basis for quashing the subpoena directed to 'a financial institution in
> Cambridge, Massachusetts which is more than 100 miles outside the
> district [of Maine].' Motion at [3]. But, that subsection of the rule only
> provides that a subpoena may be served 'outside that district but within
> 100 miles of the place specified for the ... production[.]' The subsection of
> the rule applicable to a motion to quash provides that a subpoena may be
> quashed if it requires a person to travel more than 100 miles from where
> he or she is employed, resides, or regularly transacts business in person.
> Fed.R.Civ.P. 45(c)(3)(A)(ii). By contrast, the subpoenas at issue only
> require the production of documents, and those documents can be
> 'produced' at the specified address in Portland, Maine, by mail. Indeed,
> Rule 45(c)(2)(A) specifically provides that a person commanded to
> produce documents 'need not appear in person at the place of production.'
> [¶] Even assuming that the defendant has standing to raise this objection to
> the subpoena, a majority of the courts that have dealt directly with the
> 100-mile issue have held that such a subpoena should be enforced.

Id., 264 F.R.D. at 19-20 (citations omitted); see also Ice Corp. v. Hamilton

Sundstrand Corp., 2007 WL 1364984, at *3 (D. Kan. May 9, 2007) (quoting Stewart v.

Mitchell Transport, 2002 WL 1558210, at *3 (D. Kan. July 8, 2002) (declining to quash

the subpoena at issue because the subpoenas did not require any of the entities served to

travel in violation of Rule 45's 100-mile limitation)); Tubar v. Clift, 2007 WL 214260

9

(W.D. Wash. January 25, 2007) (holding that even though Rule 45(b)(2) requires service within 100 miles of the place of production or copying of records, a subpoena served in New Jersey for the production of documents in Washington nonetheless was enforced because, pursuant to Rule 45(c)(2)(A), no individual was required to escort the requested records personally); Jett v. Penner, 2007 WL 127790 (E.D. Cal. January 12, 2007) (a request for a file was not quashed, although the file was located more than 100 miles away because the request was only for the file itself and there was no requirement that a nonparty travel more than 100 miles in order to supply it).

Overall, Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, and the moving Doe Defendant has not shown any justified reason to quash any subpoena or dismiss at this time.  Therefore, the Court should deny this motion and any similar future motions and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

III.   CONCLUSION

This Doe Defendant has not demonstrated any reason to quash the subpoena.  As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.  See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG

10

Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.);

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.);

see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for related to the Doe Defendants from the non-party

ISPs, especially when considering that these ISPs typically retain user activity logs

containing the information sought for only a limited period of time before erasing the

data.  Therefore, the Court should deny this Motion and allow Plaintiff the opportunity to

conduct discovery and obtain evidence to prove the copyright infringement and

irreparable harm in this case.

                                         Respectfully submitted,
                                         Imperial Enterprises, Inc.

**DATED**:  June 20, 2011

                                By:    /s/_____

                                              Ellis L. Bennett, Bar #479059
                                            Dunlap Grubb & Weaver, PLLC
                                              199 Liberty Street, SW
                                            Leesburg, VA 20175
                                            ebennett@dglegal.com
                                            703-777-7319 (telephone)
                                            703-777-3656 (fax)

                                            On Behalf of Kenneth J. Ford, *Not Admitted*
                                            Adult Copyright Company
                                            322 W. Washington Street, Suite 8
                                            Charles Town, WV 25414
                                            kford@adultcopyrightcompany.com
                                          304-945-0288 (telephone)
                                          304-945-0288 (select fax option)
                                          *Attorney for the Plaintiff*

**<u>Certificate of Service</u>**

The foregoing was filed electronically, consequently Doe 935's counsel, Bikram Bandy, has been served via ECF notice this 20th Day of June, 2011.


/s/_____
Ellis L. Bennett