**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IMPERIAL ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1 - 3,145, <br><br> Defendants. | C.A. No. 1:11-cv-00529-RBW |

**DEFENDANT J. DOE NO. 935'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO QUASH SUBPOENA OR,
IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Defendant, J. Doe No. 935 ("Defendant") respectfully submits this Reply in response to Plaintiff's Opposition [Doc. No. 18] to Defendant's Motion to Quash Subpoena or, in the Alternative, for Protective Order [Doc. No. 12-5]. As explained below, Plaintiff's Opposition fails to provide any valid justification for denying Defendant's request to quash the patently defective subpoena issued to Defendant's ISP and fails to cite any substantive reason why this Court should not enter a protective order prohibiting public disclosure of Defendant's identifying information if the Court denies the motion to quash.

**ARGUMENT**

I.  **THE SUBPOENA SHOULD BE QUASHED BECAUSE PLAINTIFF CONCEDES THAT IT FAILS TO COMPLY WITH THIS COURT'S APRIL 5, 2011 ORDER.**

As set forth in Defendant's original motion, the subpoena must be quashed because Defendant did not receive timely notice of the subpoena as required by the Court's April 5, 2011 Order. Plaintiff's opposition fails to address the deficient notice. Accordingly, Plaintiff concedes that Defendant did not receive timely notice as required by the clear terms of the

1

Court's April 5, 2011 Order. Because it is undisputed that the subpoena does not comply with the Court's April 5th order, the subpoena must be quashed.

## II. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT WAS NOT SERVED IN ACCORDANCE WITH THE PLAIN, UNAMBIGUOUS LANGUAGE OF RULE 45(B)(2)(B).

Despite Plaintiff's assertions to the contrary, Rule 45(b)(2)(B) clearly states that a subpoena may only be served outside the issuing district if it is served at a place that is "within 100 miles of the place specified for . . . production." Here, Plaintiff does not dispute that the subpoena at issue was served in Denver, Colorado, and required Defendant's ISP to produce documents in Washington, DC. Plaintiff also does not dispute that Washington, DC is more than 100 miles from Denver, Colorado. Accordingly, under the plain and unambiguous language of Rule 45(b)(2), the subpoena was not properly served and must be quashed.

Plaintiff cites a variety of district court decisions from courts outside this jurisdiction to support its argument that a subpoena may be properly served more than 100 miles from the place designated for production of documents. The Court should not follow these non-binding decisions because they are completely at odds with the clear language of the Rule, which only authorizes service of subpoenas outside the issuing district if served at a location that is "within 100 miles of the place specified for . . . production." If Plaintiff's interpretation is accepted, then the use of the word "production" in Rule 45(b)(2)(B) would be rendered a complete nullity, contrary to well-established rules of statutory construction. As such, the Court should reject Plaintiff's strained interpretation of the unambiguous language of Rule 45(b)(2)(B) and hold that the subpoena was not properly served.

Finally, the Court should reject the non-binding decisions that Plaintiff relies upon to support its argument that a subpoena may properly be served more than 100 miles from the place designated for production because those decisions erroneously confuse the burden of *complying*

with a subpoena with the burden of *challenging* a subpoena. While the burden of complying with a requirement to produce documents more than 100 miles from the place of service is analyzed under Rule 45(c)(3)(A)(ii), Rule 45(b)(2)(B) is designed to protect non-parties served with subpoenas from being forced to travel to far away districts to challenge subpoenas. If Plaintiff had followed the proper procedure with respect to the subpoena, Plaintiff would have had the subpoena issued from the District of Colorado and noted on the subpoena that the subpoena was for use in this action. Had Plaintiff done that, both Defendant and Defendant's ISP would have been able to challenge the subpoena in the *District of Colorado*, rather than incurring the burden of challenging the sufficiency of the subpoena in a court more than a thousand miles away. In short, the clear limitations on service set forth in Rule 45(b)(2)(B) mean what they say, irrespective of whether the subpoenaed party would incur any burden in complying with the subpoena.

In sum, because the subpoena at issue was not served in accordance with Rule 45(b)(2)(B), it must be quashed.

### III. BECAUSE DEFENDANT'S MOTION TO QUASH IS A DISPOSITIVE MOTION, DEFENDANT WAS NOT REQUIRED TO ENGAGE IN A FUTILE EFFORT TO MEET AND CONFER PRIOR TO FILING THE MOTION.

Plaintiff argues that Defendant's Motion is procedurally defective because Defendant did not meet and confer with Plaintiff prior to filing the Motion, in violation of LCvR Rule 7(m), which requires a party to meet and confer with opposing counsel prior to filing any *non-dispositive* motion. Plaintiff's argument is meritless because Defendant's Motion is a dispositive motion and therefore Defendant was not required to meet and confer prior to filing. A dispositive motion is defined as "a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 26 (D.D.C. 2001) (citing *Burkhart*

*v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1215 (D.C. Cir. 1997)). Here, if Defendant's Motion to Quash is granted, Plaintiff's entire case against Defendant will be over, because Plaintiff will not be able to learn Defendant's identity and serve Defendant with the complaint. Because granting of the Motion to Quash will end the case against Defendant, the motion is a dispositive one, and Defendant therefore was not required to meet and confer with Plaintiff prior to filing it.

### IV.     DEFENDANT HAS STANDING TO CHALLENGE THE SUBPOENA.

Despite Plaintiff's claim to the contrary, Defendant has standing to challenge the subpoena issued to Defendant's ISP. As made clear in Defendant's original Motion, this Circuit has held that a party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought in by the subpoena. *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C 2005). Plaintiff's opposition does not challenge this proposition or dispute that Defendant has a personal interest in the information sought by the subpoena. Nonetheless, Plaintiff claims that Defendant lacks standing to object to the *form* of the subpoena. (Pl's Opp'n at 6.) Plaintiff cites no authority for this baseless limitation. In short, because it is undisputed that Defendant has a personal interest in the information sought by the subpoena, Defendant has full standing to challenge all aspects of the subpoena, including its form.

### V.     THE SUBPOENA SHOULD BE QUASHED BECAUSE PLAINTIFF HAS NOT PROVIDED A SUFFICIENT JUSTIFICATION FOR OBTAINING DEFENDANT'S PERSONAL IDENTIFYING INFORMATION THROUGH THE SUBPOENA.

In its response, Plaintiff claims that it has met its burden to obtain further information about Defendant through the subpoena at issue because Plaintiff has purportedly identified Defendant with "sufficient specificity." (Pl's Opp'n at 3.) Plaintiff has not identified Defendant

with any specificity whatsoever. Although Plaintiff claims that it has an IP address that belongs to Defendant, Plaintiff has not provided an iota of evidence indicating that Defendant is actually linked to, or has had any control over, the IP address. Plaintiff's argument, rather, clings to the fact that Plaintiff obtained the IP address through a purported "proprietary tracing software program," but Plaintiff provides absolutely no evidence demonstrating that its software is accurate and reliable. In fact, Defendant's present IP address does not match the IP address that Qwest purportedly links to Defendant. Despite the fact that Defendant raised this issue in footnote 1 of the Memorandum in Support of the Motion to Quash, Plaintiff's Opposition utterly fails to address this discrepancy.

In short, despite its claims to the contrary, Plaintiff has not established a sufficient basis to obtain Defendant's personal information through the subpoena directed to Defendant's ISP and, accordingly, the subpoena should be quashed.

## VI. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT WILL UNDOUBTEDLY CAUSE DEFENDANT TO SUFFER UNREASONABLE ANNOYANCE, EMBARRASSMENT, AND OPPRESSION.

In its Opposition, Plaintiff makes the remarkable claim that there is "nothing annoying, embarrassing, or oppressing" about disclosing Defendant's personal information in connection with a case involving allegations of illegally downloading pornography. (Pls.' Opp'n at 5.) Plaintiff's claim defies reality. Defendant will undoubtedly suffer significant annoyance, embarrassment, and oppression if Defendant's name is unjustifiably linked to accusations of illegally downloading pornography without any credible evidence to support such an accusation. Moreover, a baseless accusation would stigmatize Defendant, harm Defendant's reputation within Defendants' community, and jeopardize Defendants' present employment – all ultimately amounting to undue and unjustified embarrassment and oppression. This Court should not permit Plaintiff to impose such hardship on Defendant absent a showing that such a connection is

justified and supported by credible evidence. Because Plaintiff has made no such showing in this action, this Court must quash Plaintiff's subpoena and preclude Plaintiff from unfairly disparaging Defendant's name and reputation.

## VII. **PLAINTIFF DOES NOT RAISE ANY SUBSTANTIVE OPPOSITION TO DEFENDANT'S REQUEST FOR ENTRY OF A PROTECTIVE ORDER IN THE EVENT THE COURT DENIES DEFENDANT'S MOTION TO QUASH THE SUBPOENA.**

With respect to Defendant's requested alternative relief – entry of a protective order prohibiting public disclosure of any information Plaintiff obtains from Defendant's ISP in response to the subpoena – Plaintiff's Opposition offers absolutely no substantive basis to deny the requested relief in the event the Court denies Defendant's request to quash the subpoena. Rather, Plaintiff's sole argument is that the request for entry of a protective order should be denied because Defendant did not meet and confer with Plaintiff about this alternative relief prior to filing the motion. Plaintiff's myopic argument misses the fact that Defendant's request for entry of a protective order is *alternative* relief to Defendant's primary motion to quash, which if granted, would dispose of Plaintiff's entire case against Defendant. Because the request for entry of protective order is alternative relief to a *dispositive* motion, Defendant was not required under the rules to meet and confer regarding the narrow issue of the requested alternative relief. To interpret the rules otherwise would grossly elevate form over substance.

In sum, Plaintiff's hyper-technical, procedural challenge to Defendant's requested alternative relief should be rejected. As such, if the Court denies Defendant's motion to quash the subpoena, the Court should enter the requested protective order for the reasons set forth in Defendant's original motion and memorandum in support.

## **CONCLUSION**

WHEREFORE, for the above stated reasons, Defendant respectfully requests that the Court enter an Order quashing the April 6, 2011 subpoena issued to Defendant's ISP.

DATED: July 7, 2011                    Respectfully submitted,

_____
Christina E. Saunders (*pro hac vice pending*)
501 S. Cherry Street, Suite 610
Denver, Colorado, 80246
Telephone: 303-321-6872
Facsimile: 303-321-3196
E-mail: christina@nouveaulaw.com

 /s/ Bikram Bandy
Bikram Bandy (Bar No. 480967)
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7453
Facsimile: (202) 496-7483
bbandy@mckennalong.com

ATTORNEYS FOR DEFENDANT J. DOE NO. 935

## **PROOF OF SERVICE**

I hereby certify that the foregoing document was served on counsel for Plaintiff, Ellis L. Bennett, via the CM/ECF system on July 7, 2011.

/s/ Bikram Bandy
Bikram Bandy (Bar No. 480967)
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7453
Facsimile: (202) 496-7483
bbandy@mckennalong.com

ATTORNEY FOR DEFENDANT J. DOE NO. 935