*LEAVE TO FILE IS GRANTED.*

*Reggie B. Hilton*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMPERIAL ENTERPRISES, INC.    ) | |
|         ) | |
|      Plaintiff,    ) | |
|         ) | |
| v.    ) | Civil Action No. 1:2011-cv-00529 (RBW) |
|         ) | |
| DOES 1 – 3145,    ) | *Filed under seal* |
|         ) | |
| and    ) | |
|         ) | |
| Marianne DiBrino (Doe #2024)    ) | |
| 8200 Wisconsin Avenue, Apt. 714    ) | |
| Bethesda, MD 20814    ) | |
|         ) | |
|      Defendants.    ) | |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO QUASH SUBPOENA

Marianne DiBrino (Doe #2024; "Defendant"), by and through undersigned counsel, moves to dismiss the Complaint or, in the alternative, to quash subpoena in the above-listed matter. The reasons why the Court should grant Defendant's Motion are set forth in the accompanying Memorandum of points and authorities.

Respectfully submitted,

Date: June 21, 2011

Adam W. Sikich, Esq.
D.C. Bar No. 981712

Dunner Law, PLLC
3243 P Street, N.W.
Washington, D.C. 20007
Tel: (202) 298-6322
Fax: (202) 403-3030
asikich@dunnerlaw.com

RECEIVED

JUN 21 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing was filed under seal on June 21, 2011, in the

Office of the Clerk, and a copy was served on Plaintiff's counsel via Certified First-Class Mail

to:

> Ellis L. Bennett, Esq.
> Dunlap Grubb & Weaver, PLLC
> 199 Liberty Street
> Leesburg, VA 20175

_____
Adam W. Sikich, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMPERIAL ENTERPRISES, INC.      ) | |
| )  | |
| Plaintiff,      ) | |
| )  | |
| v.      ) | Civil Action No. 1:2011-cv-00529 (RBW) |
| )  | |
| DOES 1 – 3145,      ) | *Filed under seal* |
| )  | |
| and      ) | |
| )  | |
| Marianne DiBrino (Doe #2024)      ) | |
| 8200 Wisconsin Avenue, Apt. 714      ) | |
| Bethesda, MD 20814      ) | |
| )  | |
| Defendants.      ) | |
| )  | |

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO QUASH SUBPOENA AND MEMORANDUM IN SUPPORT THEREOF

Marianne DiBrino (Doe #2024; "Defendant"), by and through undersigned counsel, respectfully requests that this Court allow to be filed under seal Defendant's "Motion to Dismiss or, in the Alternative, to Quash Subpoena" and "Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, to Quash Subpoena". The reasons why the Court should grant Defendant's Motion are set forth below.

### STATEMENT OF FACTS

On March 10, 2011, Plaintiff filed its complaint against DOES 1 – 3145, alleging copyright infringement. On March 30, 2011, Plaintiff filed its Motion for Leave to Take Discovery, which the Court granted in an Order on April 5, 2011. Subsequently, Plaintiff served subpoenas on ISPs, requesting the identification and contact information of the subscribers

associated with specific internet protocols ("IPs") who allegedly infringed upon Plaintiff's

copyrighted material.  On April 6, 2011, Plaintiff served Comcast Corporation ("Comcast") a

subpoena requesting Defendant's name, current and permanent address, e-mail address, and

telephone number.  On May 23, 2011, Defendant received notice from Comcast of the subpoena

referencing her IP address.  Defendant now seeks, among other relief, to be dismissed from the

Complaint or to quash the subpoena issued by Plaintiff.

## ARGUMENT

Local Civil Rule 5.1(e)(1) provides, in part, that the "first filing by or on behalf of a party

shall have in the caption the name and full residence address of the party."  L. Cv. R. 5.1(e)(1).

While court proceedings are generally available to the public, they may be sealed if the public's

right to access "is outweighed by the interest favoring nondisclosure."  *United States v. McVeigh*,

119 F.3d 806, 811 (10th Cir. 1997) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599

(1978)).  Filing documents under seal is appropriate if doing so "is essential to preserve higher

values and is narrowly tailored to serve that interest."  *Id.* at 814 (quoting *Press-Enterprise Co. v.

Superior Court*, 464 U.S. 501, 510 (1984)).  Pursuant to Local Civil Rule 5.1(j)(1), which

provides that "no cases or documents may be sealed without an order from the Court" and "[a]ny

pleading filed with the intention of being sealed shall be accompanied by a motion to seal,"

Defendant moves to file under seal her Motion to Dismiss or, in the Alternative, to Quash

Subpoena and Memorandum in support thereof.  L. Cv. R. 5.1(j)(1).

Defendant's request to file under seal her Motion and Memorandum is narrowly tailored

to allow this Court to rule upon the Motion before disclosing Defendant's personal information

to the public.  The public likely has no interest in Defendant's identity.  Filing under seal also

allows Defendant to comply with Local Civil Rule 5.1(e) without fear of publicly exposing the

identifying information Plaintiff seeks via subpoena. Allowing Defendant to proceed under seal is essential to protecting Defendant's right to fairly challenge the subpoena without revealing her personally identifiable information to the public.

Additionally, allowing Defendant to file her Motion under seal will not prejudice any party. Plaintiff will have access to Defendant's personally identifying information, as requested in the subpoena, should the documents be permitted to remain under seal. It is only the public that will be unable to learn of Defendant's identity should the instant Motion be granted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to seal Defendant's Motion to Dismiss or, in the alternative, to Quash Subpoena and Memorandum in support thereof.

Respectfully submitted,

Date: June 21, 2011

Adam W. Sikich, Esq.
D.C. Bar No. 981712

Dunner Law, PLLC
3243 P Street, N.W.
Washington, D.C. 20007
Tel: (202) 298-6322
Fax: (202) 403-3030
asikich@dunnerlaw.com

## Certificate of Service

I hereby certify that a copy of the foregoing was filed under seal on June 21, 2011, in the

Office of the Clerk, and a copy was served on Plaintiff's counsel via Certified First-Class Mail

to:

> Ellis L. Bennett, Esq.
> Dunlap Grubb & Weaver, PLLC
> 199 Liberty Street
> Leesburg, VA 20175

Adam W. Sikich, Esq.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMPERIAL ENTERPRISES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:2011-cv-00529 (RBW) |
| | ) |
| DOES 1 - 3145, | ) Filed under seal |
| | ) |
| and | ) |
| | ) |
| Marianne DiBrino (Doe #2024) | ) |
| 8200 Wisconsin Avenue, Apt. 714 | ) |
| Bethesda, MD 20814 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO QUASH SUBPOENA AND MEMORANDUM IN SUPPORT THEREOF

Marianne DiBrino (Doe #2024; "Defendant"), by and through undersigned counsel, respectfully requests that this Court allow to be filed under seal Defendant's "Motion to Dismiss or, in the Alternative, to Quash Subpoena" and "Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, to Quash Subpoena". The reasons why the Court should grant Defendant's Motion are set forth below.

### STATEMENT OF FACTS

On March 10, 2011, Plaintiff filed its complaint against DOES 1 – 3145, alleging copyright infringement. On March 30, 2011, Plaintiff filed its Motion for Leave to Take Discovery, which the Court granted in an Order on April 5, 2011. Subsequently, Plaintiff served subpoenas on ISPs, requesting the identification and contact information of the subscribers

1

associated with specific internet protocols ("IPs") who allegedly infringed upon Plaintiff's copyrighted material. On April 6, 2011, Plaintiff served Comcast Corporation ("Comcast") a subpoena requesting Defendant's name, current and permanent address, e-mail address, and telephone number. On May 23, 2011, Defendant received notice from Comcast of the subpoena referencing her IP address. Defendant now seeks, among other relief, to be dismissed from the Complaint or to quash the subpoena issued by Plaintiff.

## ARGUMENT

Local Civil Rule 5.1(e)(1) provides, in part, that the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." L. Cv. R. 5.1(e)(1). While court proceedings are generally available to the public, they may be sealed if the public's right to access "is outweighed by the interest favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978)). Filing documents under seal is appropriate if doing so "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 814 (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). Pursuant to Local Civil Rule 5.1(j)(1), which provides that "no cases or documents may be sealed without an order from the Court" and "[a]ny pleading filed with the intention of being sealed shall be accompanied by a motion to seal," Defendant moves to file under seal her Motion to Dismiss or, in the Alternative, to Quash Subpoena and Memorandum in support thereof. L. Cv. R. 5.1(j)(1).

Defendant's request to file under seal her Motion and Memorandum is narrowly tailored to allow this Court to rule upon the Motion before disclosing Defendant's personal information to the public. The public likely has no interest in Defendant's identity. Filing under seal also allows Defendant to comply with Local Civil Rule 5.1(e) without fear of publicly exposing the

identifying information Plaintiff seeks via subpoena.  Allowing Defendant to proceed under seal is essential to protecting Defendant's right to fairly challenge the subpoena without revealing her personally identifiable information to the public.

Additionally, allowing Defendant to file her Motion under seal will not prejudice any party.  Plaintiff will have access to Defendant's personally identifying information, as requested in the subpoena, should the documents be permitted to remain under seal.  It is only the public that will be unable to learn of Defendant's identity should the instant Motion be granted.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to seal Defendant's Motion to Dismiss or, in the alternative, to Quash Subpoena and Memorandum in support thereof.

Respectfully submitted,

Date: June 21, 2011

Adam W. Sikich, Esq.
D.C. Bar No. 981712

Dunner Law, PLLC
3243 P Street, N.W.
Washington, D.C. 20007
Tel: (202) 298-6322
Fax: (202) 403-3030
asikich@dunnerlaw.com

## Certificate of Service

I hereby certify that a copy of the foregoing was filed under seal on June 21, 2011, in the

Office of the Clerk, and a copy was served on Plaintiff's counsel via Certified First-Class Mail

to:

Ellis L. Bennett, Esq.
Dunlap Grubb & Weaver, PLLC
199 Liberty Street
Leesburg, VA 20175

_____
Adam W. Sikich, Esq.

RECEIVED

JUN 21 2011

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IMPERIAL ENTERPRISES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:2011-cv-00529 (RBW) |
| | ) | Filed under seal |
| DOES 1 – 3145, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Marianne DiBrino (Doe #2024) | ) | |
| 8200 Wisconsin Avenue, Apt. 714 | ) | |
| Bethesda, MD 20814 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO QUASH SUBPOENA AND MEMORANDUM IN SUPPORT THEREOF

Marianne DiBrino (Doe #2024; "Defendant"), by and through undersigned counsel, respectfully requests that this Court allow to be filed under seal Defendant's "Motion to Dismiss or, in the Alternative, to Quash Subpoena" and "Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, to Quash Subpoena". The reasons why the Court should grant Defendant's Motion are set forth below.

## STATEMENT OF FACTS

On March 10, 2011, Plaintiff filed its complaint against DOES 1 – 3145, alleging copyright infringement. On March 30, 2011, Plaintiff filed its Motion for Leave to Take Discovery, which the Court granted in an Order on April 5, 2011. Subsequently, Plaintiff served subpoenas on ISPs, requesting the identification and contact information of the subscribers

1

associated with specific internet protocols ("IPs") who allegedly infringed upon Plaintiff's copyrighted material. On April 6, 2011, Plaintiff served Comcast Corporation ("Comcast") a subpoena requesting Defendant's name, current and permanent address, e-mail address, and telephone number. On May 23, 2011, Defendant received notice from Comcast of the subpoena referencing her IP address. Defendant now seeks, among other relief, to be dismissed from the Complaint or to quash the subpoena issued by Plaintiff.

### ARGUMENT

Local Civil Rule 5.1(e)(1) provides, in part, that the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." L. Cv. R. 5.1(e)(1). While court proceedings are generally available to the public, they may be sealed if the public's right to access "is outweighed by the interest favoring nondisclosure." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978)). Filing documents under seal is appropriate if doing so "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 814 (quoting *Press-Enterprise Co. v Superior Court*, 464 U.S. 501, 510 (1984)). Pursuant to Local Civil Rule 5.1(j)(1), which provides that "no cases or documents may be sealed without an order from the Court" and "[a]ny pleading filed with the intention of being sealed shall be accompanied by a motion to seal," Defendant moves to file under seal her Motion to Dismiss or, in the Alternative, to Quash Subpoena and Memorandum in support thereof. L. Cv. R. 5.1(j)(1).

Defendant's request to file under seal her Motion and Memorandum is narrowly tailored to allow this Court to rule upon the Motion before disclosing Defendant's personal information to the public. The public likely has no interest in Defendant's identity. Filing under seal also allows Defendant to comply with Local Civil Rule 5.1(e) without fear of publicly exposing the

2

identifying information Plaintiff seeks via subpoena. Allowing Defendant to proceed under seal is essential to protecting Defendant's right to fairly challenge the subpoena without revealing her personally identifiable information to the public.

Additionally, allowing Defendant to file her Motion under seal will not prejudice any party. Plaintiff will have access to Defendant's personally identifying information, as requested in the subpoena, should the documents be permitted to remain under seal. It is only the public that will be unable to learn of Defendant's identity should the instant Motion be granted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion to seal Defendant's Motion to Dismiss or, in the alternative, to Quash Subpoena and Memorandum in support thereof.

Respectfully submitted,

Date: June 21, 2011

_____
Adam W. Sikich, Esq.
D.C. Bar No. 981712

Dunner Law, PLLC
3243 P Street, N.W.
Washington, D.C. 20007
Tel: (202) 298-6322
Fax: (202) 403-3030
asikich@dunnerlaw.com

**Certificate of Service**

I hereby certify that a copy of the foregoing was filed under seal on June 21, 2011, in the

Office of the Clerk, and a copy was served on Plaintiff's counsel via Certified First-Class Mail

to:

> Ellis L. Bennett, Esq.
> Dunlap Grubb & Weaver, PLLC
> 199 Liberty Street
> Leesburg, VA 20175

_____
Adam W. Sikich, Esq.