UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
IMPERIAL ENTERPRISES, INC.,         )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 11-529 (RBW)
                                    )
DOES 1 – 3,145,                     )
                                    )
            Defendants.             )
_____)

**ORDER**

  Imperial Enterprises, Inc., the plaintiff in this civil case, seeks an award of damages, injunctive relief, and attorneys' fees against 3,145 unknown putative defendants for alleged copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 501-505 (2006). Complaint (the "Compl.") ¶¶ 13-14. Specifically, the plaintiff alleges that these unknown putative defendants "cop[ied] and distribut[ed] . . . unauthorized copies of the [p]laintiff's copyrighted motion pictures" through the use of the Internet. Id. ¶ 6. At the time the Complaint was filed, the "true names of [the putative d]efendants [were] unknown to the [p]laintiff," and they were only "known to [the p]laintiff . . . by the [i]nternet [p]rotocol . . . address assigned to that [putative d]efendant by his or her [i]nternet [s]ervice [p]rovider on the date and . . . time at which the [alleged] infringing activity of each [putative d]efendant was observed." Id. ¶ 8. Following the lead of several other members of this Court, the undersigned then granted the plaintiff leave on April 5, 2011, to "conduct immediate discovery" in this case "by serving the internet service providers . . . with a subpoena under Federal Rule of Civil Procedure 45 for the purpose of identifying each Doe defendant, such as the individual's name, current and permanent address, telephone number, e-mail address, and Media Access Control Address." April 5, 2011

Order at 1, Imperial Enter., Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.).  The undersigned also required the internet service providers, once they were served with a subpoena, to give their subscribers notice "of their right to challenge the subpoena in this Court."  Id. at 2.

These subscribers have not hesitated to exercise that right, as the undersigned has been inundated recently with motions by these putative defendants to prevent the plaintiff from acquiring their personal information.  It appears that the vast majority of these motions are filed by pro se litigants who have simply adopted one of several boilerplate motions that have been drafted by unknown authors (presumably attorneys).  Thus, while there have been numerous motions filed by the putative defendants in this case, the vast majority of the arguments raised in support of these motions are common as to all the putative defendants and can be summarized as follows:[1] (1) the claims against the putative defendants should be dismissed because they have been improperly joined in this case due to the fact that the plaintiff's claims against them do not arise out of the same transaction, occurrence, or series of transactions or occurrences, see Fed. R. Civ. P. 21(a)(2)(A); (2) the subpoena should be quashed or, in the alternative, the putative defendants should be allowed to proceed in this case anonymously because they have an expectation of privacy in their identifying information; (3) the subpoena should be quashed or, in the alternative, the putative defendants should be allowed to proceed anonymously because the plaintiff's have a First Amendment right to engage in anonymous speech; (4) the Complaint should be dismissed or, in the alternative, the subpoena should be quashed because the Court lacks personal jurisdiction over the putative defendants; (5) the Complaint should be dismissed because venue is improper in this district; (6) the claims against the putative defendants should be dismissed because they did not engage in the downloading or uploading activity alleged in the

---

[1] For those arguments not covered by this Order, the Court will address those issues in a separate ruling.

Complaint; and (7) the subpoena should be quashed because it imposes an undue burden on the putative defendants; specifically, the putative defendants argue that the subpoena does not allow for a reasonable time for compliance, and that they will have to travel more than 100 miles from where they reside to comply with the subpoena.  All of these arguments have been thoroughly addressed, and ultimately rejected, by several other members of this Court in similar cases that are currently pending before those judges.  See W. Coast Prod., Inc. v. Does 1-5,829, ___ F. Supp. 2d ___, 2011 WL 2292239, at *1 (D.D.C. June 10, 2011) (Kollar-Kotelly, J.); Donkeyball Movie, LLC v. Does 1-171, ___ F. Supp. 2d ___, ___, 2011 WL 1807452, at *1 (D.D.C. May 12, 2011) (Howell, J.); Voltage Pictures, LLC v. Does 1-5,000, ___ F. Supp. 2d ___, ___, 2011 WL 1807438, at *1 (D.D.C. May 12, 2011) (Howell, J.); Maverick Entm't Grp., Inc. v. Does 1-2,115, ___ F. Supp. 2d ___, ___, 2011 WL 1807428, at *1 (D.D.C. May 12, 2011) (Howell, J.); Call of the Wild Movie, LLC v. Does 1-1,062, ___ F. Supp. 2d ___, ___, 2011 WL 996786, at *1 (Mar. 22, 2011) (Howell, J.); Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F. Supp. 2d 212, 213 (D.D.C. 2010) (Collyer, J.).  The undersigned finds no convincing reason to reject these findings of his colleagues.

With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied.  See Donkeyball Movie, LLC, ___ F. Supp. 2d at ___, 2011 WL 1807452, at *5 (citing Fed. R. Civ. P. 20(a)(2)) ("[D]efendants may be properly joined in one action when claims arise from the same transaction or occurrence or series of transactions or occurrences[,] and any question of law or fact in the action is common to all defendants.").  First, the infringing activity alleged in the Complaint arises out of the same series of occurrences or transactions because the putative defendants are alleged to have

infringed the plaintiff's copyrighted material by being a part of a "swarm" that provides "a new file downloader [with] a different piece of data from each user who has already downloaded the file that together comprises the whole." Compl. ¶ 3; see also Call of the Wild Movie, LLC, ___ F. Supp. 2d at ___, 2011 WL 996786, at *5 (finding that the infringing activity arose out of the same series of occurrences or transactions because the "BitTorrent file-sharing protocol 'makes every downloader also an uploader of the illegally transferred file(s). This means that every 'node' or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file'"); Donkeyball Movie, LLC, ___ F. Supp. 2d at ___, 2011 WL 1807452, at *5 (concluding that "at [the] stage of the litigation" in which the case was before the Court, the plaintiff had adequately pleaded that the claims had arisen out of the same occurrences or transactions because the plaintiff had asserted that "the nature of a BitTorrent protocol [is that] any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file" (alteration in the original and internal quotation marks omitted)); W. Coast Prod., Inc., ___ F. Supp. 2d at ___, 2011 WL 2292239, at *5 (concluding that the infringing activity arose out of the same transactions or occurrences because each putative defendant was sharing the plaintiff's copyrighted film with one another via the BitTorrent protocol when they "participated in a single 'swarm' of BitTorrent users in which [the p]laintiff's copyrighted film was unlawfully shared, downloaded, and distributed . . . . [B]itTorrent protocol allows users in the 'swarm' to download and upload from each other simultaneously"). Second, the plaintiff's claims against the putative defendants involve a common question of fact because the plaintiff has alleged that the putative defendants have used the BitTorrent file sharing protocol to illegally download and distribute the

4

copyrighted movie; thus, there are "factual[ly] related issues [as] to how [the] BitTorrent protocol works and the methods used by the plaintiff to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." Donkeyball Movie, LLC, ___ F. Supp. 2d at ___, 2011 WL 1807452, at *7.  Third, there exists in this case common issues of law because the plaintiff will have to "establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiff[] as [the] copyright holder[]." Call of the Wild Movie, LLC, ___ F. Supp. 2d at ___, 2011 WL 996786, at *5.  All of the requirements for permissive joinder having been satisfied, the undersigned concludes that the putative defendants' misjoinder argument must be rejected.

Regarding the putative defendants' attempts to deny the plaintiff access to their personal identifying information, the undersigned agrees with the other members of the Court that these arguments are without merit.  While the putative defendants have a reasonable expectation of privacy in their personal information, the undersigned is nonetheless mindful of the fact that "[d]isclosure of the parties' identities furthers the public interest in knowing the facts surrounding judicial proceedings." Doe v. Von Eschenbach, Civil Action No. 06-2131 (RMC), 2007 WL 1848013, at *1 (D.D.C. June 27, 2007).  And, while courts will grant a plaintiff "the rare dispensation of anonymity," United States v. Microsoft Corp., 56 F.3d 1448, 1464 (D.C. Cir. 1995) (internal quotation marks omitted), when information that will be disclosed in a case is "sensitive and highly personal [in] nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," W. Coast Prod., Inc., ___ F. Supp. 2d at ___, 2011 WL 2292239, at *2 (quoting S. Methodist Univ. Ass'n of Women Law Students v. Wayne & Jaffe, 599 F.2d 707, 712-13 (5th Cir. 1979)); see also Does I Through XXII v.

Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000) (courts generally allow parties to proceed anonymously only under circumstances to protect a person from harassment, injury, ridicule or personal embarrassment), the undersigned does not find that "[t]his matter . . . fall[s] into the narrow class of cases where a party should be permitted to proceed anonymously," January 14, 2011 Order at 2, Donkeyball Movie, LLC v. Does 1-171, Civil Action No. 10-1520 (EGS) (D.D.C.). While the putative defendants are not yet parties, the undersigned nonetheless finds that their reasonable expectation of privacy must yield to the plaintiff's need for their personal identifying information.[2]

The putative defendants' attempts to shield their personal identifying information from disclosure by relying on the First Amendment fares no better than their privacy arguments. It is true that an individual has a right to engage in anonymous speech. Call of the Wild Movie, LLC, ___ F. Supp. 2d at ___, 2011 WL 996786, at *10; see also Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 131 (D.D.C. 2009) (Bates, J.) ("Such rights to speak anonymously apply . . . to speech on the Internet."). It is settled law, however, that the right to free speech is not absolute,

---

[2] The undersigned is nonetheless mindful of the putative defendants' expectation of privacy in their personal identifying information. In that regard, it is worth reiterating that pursuant to its April 5, 2011 Order, the undersigned authorized the disclosure of the putative defendants' personal identifying information "solely for the purpose of protecting the plaintiff's rights as set forth in the Complaint." April 5, 2011 Order at 2, Imperial Enterprises, Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.) (emphasis added). Thus, there is no risk, absent a violation of the undersigned's Order, that the plaintiff will utilize the putative defendants' personal identifying information for any improper reason, such as selling their personal information to third-parties.

Some of the putative defendants have argued that the undersigned can take further efforts to protect their personal identifying information by limiting disclosure of the information to only the cities, states, and zip codes where they reside. These putative defendants assert that the plaintiff is only entitled at this stage to focused discovery aimed at addressing matters related to the Court's personal jurisdiction, and that their names, street addresses, telephone numbers, and e-mail addresses have no bearing on whether this Court can exercise personal jurisdiction over them. This argument is misplaced, however. While the undersigned agrees that the information these putative defendants argue should not be disclosed is irrelevant to the personal jurisdiction analysis, the plaintiff is not limited to acquiring only information that will enable it to determine whether this Court can exercise personal jurisdiction over the putative defendants. Rather, the plaintiff is entitled to obtain information that it needs to prosecute this lawsuit—for instance, should the plaintiff decide to name one of the putative defendants as an actual defendant in this case, the plaintiff would need to know the identity of that putative defendant, as well as that putative defendant's contact information, in order to serve that individual with process. Thus, the undersigned need not limit the scope of the subpoenas any further than is already the case.

see Chaplinsky v. New Hampshire, 315 U.S. 568, 571 (1942), and the First Amendment does not protect copyright infringement, Call of the Wild Movie, LLC, ___ F. Supp. 2d at ___, 2011 WL 996786, at *11 (citing Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 555-57 (1985)). The plaintiff, therefore, can obtain the putative defendants' personal identifying information if the need for such information outweighs the plaintiff's First Amendment interests. Id. at *12. And, the undersigned agrees with the other members of this Court that the plaintiff has established a sufficient need for the putative defendants' personal information, and that such a need outweighs the putative defendants' right to anonymously utilize the BitTorrent technology, id. at *15, given the plaintiff's copyright ownership claim, see Compl. ¶ 9 (alleging copyright ownership of the two movies that are the subject of this case), the putative defendants' alleged infringement of the plaintiff's copyright ownership, see id. ¶ 11 (alleging that the putative defendants have made the plaintiff's movies available to others "without permission" of the plaintiff), and the specificity of the identifying information requested by the plaintiff, see Memorandum of Points and Authorities in Support of Motion for Leave to Take Discovery Prior to Rule 26(f) Conference at 16 (requesting court order to obtain the putative defendants' "true name[s], address[es], telephone number[s], [and] e-mail address[es]" only for the purpose of "prosecut[ing] its claims"). Consequently, the First Amendment does not bar the plaintiff from acquiring the putative defendants' personal identifying information.[3]

---

[3] Consistent with their efforts to conceal their personal identifying information from the plaintiff, many of the putative defendants in this case have failed to provide the Court with their name, full residence address, and telephone number as required by under the Court's local rules. See D.D.C. Civ. R. 5(e)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party . . . . [and i]f the party is appearing pro se, the caption shall also include the party's telephone number."). Given the requirements of Rule 5(e)(1), as well as the undersigned's conclusion in this Order that the plaintiff is entitled to acquire the putative defendants' personal identifying information from the various internet service providers, the undersigned will deny these putative defendants leave to file their nonconforming motions. For similar reasons, the undersigned must also deny all motions filed by the putative defendants seeking to file their submissions in this case under seal.

The putative defendants' remaining arguments can be easily rejected. First, with regard to the putative defendants' jurisdictional, venue, and merits arguments, these positions are without merit because the putative defendants are "not . . . named as . . . defendant[s] in this lawsuit, and [they] may never be named as . . . defendant[s] in this [law]suit." June 15, 2011 Order at 4, Imperial Enter., Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.). Should "the plaintiff eventually amend[] its [C]omplaint and name[ the putative defendants] as . . . defendant[s] in this lawsuit, [they] could at that time move for dismissal" of the Complaint, id. at 3, seek a change of venue, or challenge the merits of the plaintiff's claims. Second, the putative defendants' contentions that the plaintiff's subpoena imposes an undue burden on them are simply untrue, as it is the internet service providers, not the putative defendants, who are required to respond to the subpoena. Thus, the putative defendants have no standing to raise these claims. See W. Coast Prod., Inc., ___ F. Supp. 2d at ___, 2011 WL 2292239, at *6 ("A party generally lacks standing to challenge a subpoena issued to a third party absent a privilege, propriety interest, or personal interest in the subpoenaed matter." (quoting Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 21 (D.D.C. 2005) (Facciola, J.)). These arguments, therefore, do not persuade the undersigned to quash the plaintiff's subpoena.

For all of the reasons discussed above, the undersigned concludes that the putative defendants' requested relief must be denied. Accordingly, it is

**ORDERED** that the putative defendants' motions to dismiss the Complaint for misjoinder are **DENIED**. It is further

**ORDERED** that the putative defendants' motions to quash the subpoena or, in the alternative, to proceed anonymously in this litigation due to the putative defendants' reasonable expectation of privacy in their personal identifying information are **DENIED**. It is further

**ORDERED** that the putative defendants' motions to quash the subpoena or, in the alternative, to proceed anonymously in this litigation due to the putative defendants' First Amendment right to engage in anonymous speech are **DENIED**.  It is further

**ORDERED** that the putative defendants' motions to seal their filings in this case for the purpose of concealing their personal identifying information from the plaintiff are **DENIED**.  It is further

**ORDERED** that the putative defendants' requests for leave to file any motions that fail to comport with Local Civil Rule 5(e)(1) are **DENIED**.  It is further

**ORDERED** that the putative defendants' motions to dismiss the Complaint or, in the alternative, to quash the plaintiff's subpoena for lack of personal jurisdiction are **DENIED**.  It is further

**ORDERED** that the putative defendants' motions to dismiss the Complaint because they did not engage in the downloading or uploading activity alleged by the plaintiffs are **DENIED** without prejudice.  It is further

**ORDERED** that the putative defendants' motions to quash the plaintiff's subpoena because the subpoena fails to provide a reasonable time for compliance and otherwise imposes an undue burden on the putative defendants are **DENIED**.

**SO ORDERED** this 30th day of August, 2011.

REGGIE B. WALTON
United States District Judge