RECEIVED

AUG 26 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMPERIAL ENTERPRISES INC. | 1:11-cv-00529-RBW |
| v. | |
| DOES | |
| and | |
| JANE DOE (IP ADDRESS 74.97.29.161) | |

*Leave to file is granted 10/12/11*



Reggie B. Walton

## MOTION TO SEAL MOVANT'S (IP ADDRESS 74.97.29.161) MOTION TO INTERVENE

Movant Jane Doe (IP Address: 74.97.29.161) hereby moves to file her "Motion to Intervene for Purposes of Quashing or Modifying the Subpoena and Raising FRCP 12(b) Defenses" under seal.

### I. FACTUAL BACKGROUND

Plaintiff sought leave to conduct discovery after filings its complaint against numerous John Doe defendants. In pursuit of identifying information for defendants, Plaintiff issued subpoenas to many Internet Service Providers (ISPs), including Movant's ISP, Verizon. Movant was notified of Verizon's plans to disclose her information, and now seeks to intervene in this matter for purposes of quashing or modifying the subpoena and raising FRCP 12(b) defenses.

### II. FILING UNDER SEAL IS APPROPRIATE IN THIS MATTER

Local Civil Rule 5.1(e) provides that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(e). However, this Court's Order of March 9, 2011 explains that "parties who seek to challenge a subpoena anonymously must file . . . identifying information with the Court under seal pursuant to Local

Civil Rule 5.1(j) accompanied by a motion to proceed anonymously setting forth the reasons why the Court should permit the party to remain anonymous." See Order of March 9, 2011.

While court proceedings are generally publicly available, they may be sealed if the public's right to access "is outweighed by the interest favoring nondisclosure." See United States v. McVeigh, 119 F.3d 806, 811 (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978)). Filings are appropriately sealed if "essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 814 (citations omitted).

In the present case, publicly providing the information required by LCvR 5.1(e) would have the effect of disclosing most of the identifying information Plaintiff is seeking from Movant's internet service provider. Providing the information required by LCvR 5.1(e) in publicly accessible court filings would effectively make Movant's pending request that the subpoena be quashed or modified a moot point, because Plaintiff would already have most of the information sought via subpoena.

Allowing Movant to file a motion under seal is narrowly tailored to allow this Court to rule upon the motion before exposing personally identifiable information to Plaintiff. Filing under seal also allows Movant to comply with Local Civil Rule 5.1(e) without fear of exposing the exact information sought via subpoena. Allowing Movant to proceed anonymously at this point in the proceeding is essential to protecting Movant's rights to fairly challenge the subpoena.

Finally, no party will be prejudiced by the filing of the Motion to Intervene under seal. If Movant's requests to intervene or quash the subpoena are denied, Plaintiff will still have every opportunity to acquire the requested information via the subpoena process.

## IV. CONCLUSION

Given all the foregoing, Movant respectfully requests the right to file her "Motion to

Intervene for Purposes of Quashing or Modifying the Subpoena and Raising FRCP 12(b)

Defenses" under seal.


Respectfully submitted,

Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
Phone: 202-904-2818
Fax: 202-403-3436
http://www.cyberlaw.pro


## CERTIFICATE OF SERVICE

A copy of the foregoing will be electronically filed by the Clerk of the Court via ECF upon
receiving leave to file.

Eric J. Menhart

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMPERIAL ENTERPRISES INC.<br><br>v.<br><br>DOES<br><br>and<br><br>Ann Niquette<br>104 Cote Ave<br>Woonsocket, Rhode Island 02895 | 1:11-cv-00529-RBW<br><br>*Leave to file*<br>*is granted 10/12/11*<br><br>*Reggie B. Walton* |

## MOTION TO INTERVENE FOR PURPOSES OF QUASHING OR MODIFYING THE SUBPOENA AND RAISING FRCP 12(B) DEFENSES

Movant Ann Niquette hereby moves to intervene in this matter for purposes of quashing or modifying the subpoena issued to her ISP, or, in the alternative, raising defenses under Rule 12(b) of the Federal Rules of Civil Procedure.

### I. FACTUAL BACKGROUND

Plaintiff sought leave to conduct discovery after filing of the Complaint. In pursuit of identifying information for such Movants, Plaintiff issued subpoenas to many Internet Service Providers (ISPs), including Movant's ISP, Verizon. Verizon subsequently notified Movant of its intention to comply with the subpoena. Movant retained undersigned counsel and this Motion follows.

### II. MOVANT IS PERMITTED TO INTERVENE AS A MATTER OF RIGHT

Movant seeks to intervene pursuant to Fed. R. Civ. P. 24(a) and (b) for purposes of moving to quash or modify the subpoena and raise Fed. R. Civ. P. 12(b) defenses. Rule 24(a) of the Federal Rules of Civil Procedure provides:

On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the Movant's ability to protect its interest, unless existing parties adequately represent that interest.

The U.S. Court of Appeals for the District of Columbia Circuit has explained that, in considering a motion to intervene: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008) (citing SEC v. Prudential Sec. Inc., 329 U.S. App. D.C. 10, 136 F.3d 153, 156 (D.C. Cir. 1998)). Movant Niquette can meet all four requirements.

### A. Movant's Application to Intervene is Timely

Timeliness shall be "judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." Akiachak Native Cmty. v. DOI, 584 F. Supp. 2d 1, 5 (D.D.C. 2008) (citing United States v. Am. Tel. & Tel. Co., 206 U.S. App. D.C. 317, 642 F.2d 1285, 1295). The critical factor is whether any "delay in moving for intervention will prejudice the existing parties to the case." Id. (citation omitted).

Movant's motion is timely. Despite the Complaint having been filed many months ago, no defendant has been formally named in this matter. The purpose for which intervention is sought will not unduly delay or otherwise affect the proceedings. Most importantly, no party will be prejudiced because the only named party, the Plaintiff, has yet to formally name any defendant against which it plans to proceed. Accordingly, this motion is timely.

**B. Movant has a Legally Protectable Interest**

Movant has a legally cognizable interest[1] in maintaining the confidentiality of the information requested by the subpoenas directed to the ISPs and issued by this court. See generally In re Sealed Case, 237 F.3d 657, 663-65 (D.C. Cir. 2001).

Equally important, Movant has the legally cognizable interest of due process, namely, the opportunity to fully defend in the court from which the subpoenas issued. Prior jurisprudence, including a decision by the Supreme Court of the United States, recognizes that a movant seeking to intervene does not forego the opportunity to raise Fed. R. Civ. P. 12(b) defenses:

> We do not see why an intervenor should be considered to have automatically consented to the jurisdiction of the court. The intervenor has consented to something, but it is not personal jurisdiction. *Rather, the quid pro quo for his intervention is that he consents to have the district court determine all issues in the case, including issues of jurisdiction, venue and service of process.*

SEC v. Ross, 504 F.3d 1130, 1150-1151 (9th Cir. Or. 2007) (citing Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 706 (U.S. 1982) ("by submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction, the defendant agrees to abide by that court's determination on the issue of jurisdiction.") (emphasis added). Stated differently, a movant seeking to intervene is simply in the position he would have been had the Plaintiff or another party properly named him in the first place.[2] This compelling analysis has been adopted by at least one other court. See Kippen v. Pack, 2011 U.S. Dist. LEXIS 28912 (D.

---

[1] Movant also has standing to intervene because a "standing inquiry is repetitive in the case of intervention as of right because an intervenor who satisfies Rule 24(a) will also have Article III standing." Akiachak 584 F. Supp. 2d at 7 (citing Roeder v. Islamic Republic of Iran, 357 U.S. App. D.C. 107, 333 F.3d 228, 233 (D.C. Cir. 2003)).

[2] The SEC v. Ross court continued its discussion: "This case demonstrates the wisdom of the rule. If the Receiver had played the game straight-up, named Bustos as a defendant, and served him with a complaint and summons pursuant to Rule 4, Bustos could have objected to personal jurisdiction in the district court, including in any appeal to this court. He also could have made an informed decision between (1) litigating both the jurisdictional and substantive issues in the District of Oregon and the Ninth Circuit or (2) sitting out the Oregon proceedings and mounting a collateral challenge to jurisdiction when the Receiver appeared in Texas with a judgment in hand. The Receiver's argument would leave Bustos with the second option only. The Federal Rules do not require, and the Due Process Clause ought not to countenance, such an unfair election of defenses." SEC 504 F.3d 1151 (footnotes and citations omitted).

Utah Mar. 21, 2011). Movant should accordingly have the opportunity to intervene and raise all applicable defenses, including Fed. R. Civ. P. 12(b) defenses, to Plaintiff's claims.

### C. This Action Threatens to Impair Movant's Interests

Precluding Movant's intervention in this matter will directly affect Movant's interests in the full opportunity to defend against the allegations. This matter is one in a series of cases filed by Plaintiff's attorneys alleging claims for copyright infringement. The cases follow a familiar roadmap. First, a plaintiff files a complaint against numerous John Doe defendants. Next, the plaintiff moves for, and is usually granted, the opportunity to pursue discovery. Thereafter, ISPs provide Plaintiff with identifying information for the purported defendants. Once collected, this information is usually employed to send demand letters to the purported defendants. Many purported defendants are also voluntarily dismissed before they are formally named on the docket, effectively precluding certain defenses.

While Plaintiff has every right to file the cases where it sees fit, despite already knowing the "likely" appropriate jurisdiction, Movant should have the equal right to raise all possible defenses in the venue of Plaintiff's choosing. Precluding Movant from intervening in the action effectively gives Plaintiff a free pass on the burden of proving jurisdiction where a complaint is filed, but deprives Movant the opportunity to raise a personal jurisdiction defense, among other defenses. This is a serious impairment of Movant's rights to due process and a clear threat to Movant's interests in a complete legal defense.

It is easy enough to predict the Plaintiff's counter-argument that Movant could raise her 12(b) defenses in a later suit, if and when Plaintiff voluntarily dismisses the present matter and refiles the matter in a different jurisdiction. However, "it is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more

burdensome, litigation." Natural Resources Defense Council v. Costle, 561 F.2d 904, 910 (D.C. Cir. 1977). Plaintiff exercised its right to choose the present forum to assert its claims. Movant should have the equal right to intervene and defend in the venue of Plaintiff's choice.

### D. No Existing Party Adequately Represents Movant's Interest

When examining the adequacy of representation by existing parties, the U.S. Supreme Court has explained that "if the applicant shows that representation of his interest 'may be' inadequate; [then] the burden of making that showing should be treated as minimal. Trbovich v. UMW, 404 U.S. 528, 538 n. 10 (U.S. 1972) (citing 3B J. Moore, Federal Practice para. 24.09-1 [4] (1969)). In this case, there are no existing defendants at all. Even where other defendants may exist in the future, Movant would be personally responsible for representing the factual and legal circumstances of her particular position in the litigation. No other party has the knowledge or expertise necessary to represent Movant's particular and personal interests.

### II. MOVANT IS PERMITTED TO INTERVENE BY PERMISSION

Even in the rare circumstance that intervention of right is not appropriate, Movant requests permissive intervention under Rule 24(b). That Rule provides:

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b). This Circuit has held that permissive intervention is appropriate when (1) an independent basis for subject-matter jurisdiction exists; (2) the motion is timely; and there is (3) a claim or defense that shares a common question of law or fact with the action in which intervention is sought. See generally EEOC v. Nat'l Children's Ctr., Inc., 146 F.3d 1042, 1046-1047 (D.C. Cir.1998).

It is also proper to note that the U.S. Court of Appeals for the District of Columbia Circuit liberally applies the rule, "eschew[ing] strict readings of the phrase 'claim or defense,' allowing intervention even in 'situations where the existence of any nominate 'claim' or 'defense' is difficult to find.'" Id. at 1046 (citing Nuesse v. Camp, 128 U.S. App. D.C. 172, 385 F.2d 694, 704 (D.C. Cir. 1967)). As discussed, Movant's motion is timely, subject matter jurisdiction exists, and there are common questions of law to be presented by Movant. Permissive intervention is accordingly appropriate.

### III. GROUNDS FOR INTERVENTION

Pursuant to the Rules of Civil Procedure, a "motion to intervene . . . must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c), see also LCvR 7.1(j). Movant has accordingly attached a proposed pleading.[3] See Exhibit #1. The pleading moves to quash or modify the subpoena, or in the alternative, to dismiss for lack of personal jurisdiction and misjoinder.

### IV. CONCLUSION

Given all the foregoing, Movant Niquette respectfully requests that the Court allow Movant to intervene in this matter for purposes of seeking to quash the subpoena and dismiss for lack of personal jurisdiction and misjoinder.

---

[3] While Movant reserves the right to modify the proposed pleading in different form and substance, there is no expectation that the core claims and defenses will substantially change.

Respectfully submitted,

_____
Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
Phone: 202-904-2818
Fax: 202-403-3436
http://www.cyberlaw.pro

## CERTIFICATE OF SERVICE

A copy of the foregoing will be electronically filed by the Clerk of the Court via ECF upon receiving leave to file.

_____
Eric J. Menhart

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMPERIAL ENTERPRISES INC. | |
| v. | 1:11-cv-00529-RBW |
| DOES | |
| and | |
| Ann Niquette 104 Cote Ave Woonsocket, Rhode Island 02895 | |

## [PROPOSED] MOTION TO QUASH OR MODIFY THE SUBPOENA, OR, IN THE ALTERNATIVE, MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MISJOINDER

Defendant Ann Niquette hereby moves to quash or modify the subpoena issued to her

ISP, or, in the alternative, dismiss for lack of personal jurisdiction and misjoinder.

### I. FACTUAL BACKGROUND

Plaintiff sought leave to conduct discovery after filing of the Complaint. In pursuit of

identifying information for such Defendants, Plaintiff issued subpoenas to many Internet Service

Providers (ISPs), including Defendant's ISP, Verizon. In issuing the subpoenas, Plaintiff

primarily relies upon an Internet Protocol (IP) address to identify each of the alleged infringers.

Defendant Niquette was identified by IP address 74.97.29.161. Using a publicly available

WHOIS query,[4] anyone can determine that this particular IP address is assigned to Verizon in

"Woonsocket, RI." See Exhibit 1, WHOIS Record. On information and belief, Plaintiff used this

---

[4] Defendant submits that the WHOIS records are more than sufficient for Plaintiff to determine, with a high degree of certainty, whether jurisdiction is "likely" proper in the U.S. District Court for the District of Columbia. See e.g. Sony Music Entm't, Inc. v. Does 1-40, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("These geographic designations indicate the 'likely' locations of the residences or other venues where defendants used their Internet-connected computers.")).

same method for acquiring information to identify the appropriate ISP to which to issue the
subpoena. Prior to disclosing Defendant's identifying details, Verizon provided Defendant with
notice of the Plaintiff's subpoena. Defendant retained undersigned counsel and this Motion
follows.

## II. THE SUBPOENA SHOULD BE QUASHED OR MODIFIED

The subpoena issued to Verizon seeking information about Defendant should be modified
or quashed.[5]

### A. The Subpoena Should Be Quashed

Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that no person shall be subject to a subpoena that
imposes an "undue burden." Furthermore, the Federal Rules dictate that a court may "make any
order which justice requires to protect a party or person from annoyance, embarrassment,
oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). In
determining an "undue burden," a court examines "relevance, the need of the party for the
documents, the breadth of the document request, the time period covered by it, the particularity
with which the documents are described and the burden imposed." Flatow v. Islamic Republic of
Iran, 196 F.R.D. 203, 206 (D.D.C. 2000), vacated in part and affirmed in part on other grounds,
305 F.3d 1249 (D.C. Cir. 2002).

As to Defendant, Plaintiff already knew, by virtue of its WHOIS inquiry in Exhibit #1,
that Defendant's IP is based in Woonsocket, RI. Accordingly, Plaintiff already knows, or should
know, that jurisdiction over Defendant will simply not be lawful for reasons already discussed.
Whether the Plaintiff has the specific name and street address of the Defendant's address is
completely irrelevant to the matter at hand until Plaintiff demonstrates that jurisdiction over a

---

[5] While aware that requests to quash subpoenas have been denied in similar cases before this court, Defendant
nonetheless feels obligated to request this relief as a matter of course prior to seeking modification of the subpoena
or formally raising other defenses.

Rhode Island resident would meet standards of personal jurisdiction. As explained, "relevance and the need of the party for the documents" are two core inquiries in determining the burden of a subpoena request. Flatow, 196 F.R.D. at 206 (D.D.C. 2000). In this case, Plaintiff already has all the information necessary to determine whether Defendant is subject to personal jurisdiction. Until that issue is resolved, the subpoena is simply asking for information that is not relevant to the issues at hand. The subpoena requesting irrelevant information should accordingly be quashed.

### B. Alternatively, the Subpoena Should be Modified

Assuming, *arguendo*, that the Plaintiff does not have sufficient information based solely on the WHOIS inquiry, the subpoenas issued to the various ISPs should be modified to request *only* the city, state and zip code of each alleged downloader. By making such a modification Plaintiff has sufficient information to determine whether an alleged infringer is properly sued in the U.S. District Court for the District of Columbia.

This proposed modification is consistent with case law in this jurisdiction. Despite Plaintiff already knowing the "likely" locations of the alleged infringers, Plaintiff still argues that facts available to it are inadequate to determine whether personal jurisdiction is appropriate as to Defendant in this court. In such cases, Plaintiff may pursue "*precisely focused discovery* aimed at addressing matters *relating to personal jurisdiction.*" GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (emphasis added). Information that is not *precisely related* to jurisdiction, such as the alleged infringer's name, street address, telephone number and e-mail address should be withheld from information requested by the subpoena. It goes without saying that a jurisdictional analysis will not be affected if an alleged infringer's first name is

Tom, Dick, or Harry. Nor will a jurisdictional analysis rely on the name of the street on which an alleged infringer resides.

## II. ALTERNATIVELY, PERSONAL JURISDICTION IS NOT APPROPRIATE

Defendant will simply not be subject to personal jurisdiction in Washington, DC. Defendant is not a resident of the District of Columbia, but a resident of Rhode Island. See Exhibit #2, Niquette Affidavit. Accordingly, this Court must "engage in a two-part inquiry: A court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing United States v. Ferrara, 311 U.S. App. D.C. 421, 54 F.3d 825, 828 (D.C. Cir. 1995).

The first inquiry is whether Defendant is subject to jurisdiction under the District of Columbia long arm statute. That statue requires that a Defendant "caused a tortious injury in the District, the injury was caused by the Defendant's act or omission outside of the District, and the Defendant had one of the three enumerated contacts with the District." Id. (citing D.C. Code Ann. § 13-423(a) (1981)). The three enumerated contacts are where Defendant "[i] regularly does or solicits business, [ii] engages in any other persistent course of conduct, or [iii] derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code Ann. § 13-423(a) (1981).

A short review of the relevant facts in this matter demonstrate that personal jurisdiction under the D.C. long arm statute is simply not appropriate. Defendant is a resident of Rhode Island. Defendant's use of the internet service provided by Verizon, via the IP address in question, occurred entirely in Rhode Island. Defendant Niquette has never done business in Washington, DC, has never engaged in any persistent course of conduct, and derives no revenue

from goods or services provided in the District of Columbia. See Exhibit #2. Given Defendant's total lack of contacts with Washington, D.C. personal jurisdiction would simply not be appropriate in the District of Columbia under the applicable long arm statute.

Even in the rare case where personal jurisdiction may be possible under the long arm statute, the exercise of jurisdiction over Defendant would far exceed the bounds of the Due Process clause. In seeking jurisdiction over a Defendant, "a plaintiff must show 'minimum contacts' between the Defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" GTE New Media Servs., 199 F.3d at 1347 (D.C. Cir. 2000) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). In evaluating these notions, "courts must insure that 'the Defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" GTE New Media Servs., 199 F.3d at 1347 (D.C. Cir. 2000) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)).

Rhode Island resident Niquette was receiving internet access services in Rhode Island via an ISP that advertised its services as available in Rhode Island. Not only does Defendant not have "minimum contacts" with Washington, D.C., Defendant has *absolutely no jurisdictional contact* with Washington D.C. and could have no reasonable anticipation of being haled into court in the District of Columbia. Unsurprisingly, other courts have come to the same conclusion in similar fact patterns. See e.g. ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707 (4th Cir. Md. 2002) (out-of-state ISP hosting infringing copywritten material was not subject to personal jurisdiction); Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128 (D.D.C. 2009) (no jurisdiction over unknown online speakers).

While clear enough that jurisdiction is not appropriate over Defendant Niquette, Plaintiff makes no allegation in its Complaint that any Defendant has the appropriate contacts to be subject to personal jurisdiction in the District of Columbia. See generally Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 133 (D.D.C. 2009). Furthermore, Plaintiff already knows, via its public-access WHOIS searches, that the IP address in question is based in Rhode Island. See Exhibit #1.

Given that jurisdiction over Defendant in this matter cannot be lawfully maintained, the matter should be appropriately dismissed.

### III. DEFENDANT SHOULD BE DISMISSED FOR MISJOINDER

Finally, even in the unlikely scenario that the matter is not dismissed for lack of personal jurisdiction or the subpoena is not quashed, Defendant Niquette should be severed or dismissed from the present matter, pursuant to Fed. R. Civ. P. 21. Joinder is appropriate under the Federal Rules only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all Defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In this case, Plaintiff is attempting to improperly join thousands of individuals in a single action without alleging any coordinated action between the Defendants or any right to relief that arises out of the same transaction.

There is no alleged or implied relationship between the persons of interest/defendants. In addition, the complaint contains no allegation that any two defendants acted in concert or otherwise conspired against Plaintiff. Other courts have found that a failure to make such allegations to be fatal to an attempt to join numerous Defendants. Arista Records, LLC v. Does

1-4, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) ("The 'same transaction' requirement [of Fed. R.

Civ. P. 20] means there must be some allegation that the joined Defendants 'conspired or acted

jointly.'" (citation omitted)).

Other courts have questioned the propriety of joinder in other file-sharing cases brought

by the recording industry against pseudonymous Defendants. Specifically:

> "It appears that the majority of district courts who have addressed the issue of joinder and
> were faced with the same allegations to connect doe Defendants in other music
> downloading lawsuits have concluded that those allegations were insufficient to satisfy
> the transactional requirement of Fed. R. Civ. P. 20(a)(2) and that joinder was therefore
> improper."

Arista Records LLC, 589 F. Supp. 2d 154 (D. Conn. 2008) (citing Arista Records, LLC v.

Does 1-11, No. 07-2828, 2008 U.S. Dist. LEXIS 90183, 2008 WL 4823160 (N.D. Ohio Nov. 3,

2008)). At least one court has even gone so far as to suggest that Rule 11 sanctions might apply

for the attempted joinder of numerous Defendants in cases involving similar fact patterns. Arista

Records, LLC v. Does 1-27, No. 07-162, 2008 U.S. Dist. LEXIS 6241, 2008 WL 222283, at *6

n.5 (D. Me. Jan. 25, 2008).

Finally, and perhaps most importantly, Defendant would be heavily prejudiced by the

incredible number of infringement and remedies arguments that a jury would be required to

consider at trial. Joinder rules exist to maintain a minimal level of sanity in a litigation

proceeding. Alleging that thousands of Defendants, located all across the country, have infringed

any number of works is exactly the type of situation that joinder rules intend to avoid. Defendant

Niquette should accordingly be severed or dismissed from the present matter.

## IV. CONCLUSION

Given all the foregoing, Defendant Niquette respectfully requests that the subpoena requesting information about her be quashed or modified. Alternatively, Defendant should be dismissed for lack of personal jurisdiction or dismissed or severed from the present proceeding.

Respectfully submitted,

Eric J. Menhart (D.C. Bar No. 975896)
CyberLaw P.C.
1200 G St NW Suite 800
Washington, DC 20005
Phone: 202-904-2818
Fax: 202-403-3436
http://www.cyberlaw.pro

## CERTIFICATE OF SERVICE

A copy of the foregoing will be electronically filed by the Clerk of the Court via ECF upon receiving leave to file.

Eric J. Menhart



**WhatIs**
**MyIPAddress**

My IP | IP Lookup | Blacklist Check | Trace Email | Speed Test | Hide IP | Change IP | IP Tools | FAQs | Forums

## IP Details for 74.97.29.161

This information should not be used for emergency purposes, trying to find someone's exact physical address, or other purposes that would require 100% accuracy. Please read about <u>geolocation accuracy</u> for more information

| 74.97.29.161 | Lookup IP Address |

Quick Links.

- General IP Information
- Geolocation Information
- Geolocation Map
- Comments about this IP address

### General IP Information

Hostname pool-74-97-29-161.prvdri.fios.verizon.net
ISP: Verizon Internet Services
Organization Verizon Internet Services
Proxy: None detected
Type <u>Broadband</u>
Assignment: <u>Static IP</u>
Blacklist: Blacklist Check

### Geolocation Information

Country United States
State/Region: Rhode Island
City: Woonsocket
Latitude: 41 998
Longitude: -71 4941
Area Code 401
Postal Code 02895

### Geolocation Map



Exhibit #1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMPERIAL ENTERPRISES INC. | |
| v. | 1:11-cv-00529-RBW |
| DOES | |

### AFFIDAVIT OF ANN NIQUETTE

1. I am over the age of 18 years, have personal knowledge of the matters stated below, and am competent to testify to these matters.

2. I am a resident of Woonsocket, Rhode Island.

3. I subscribe to Internet access services provided by Verizon.

4. I received a letter from my ISP, indicating that the Plaintiff had issued a subpoena to Verizon. The subpoena requested information about an IP address that was assigned to me in the course of my subscription with Verizon.

5. The letter from Verizon stated that, unless I filed a motion to quash or dismiss, it would comply with the issued subpoena.

6. I never resided in the District of Columbia for any period of time.

7. I do not conduct or solicit any type of business in Washington, DC.

8. I do not use, own or otherwise have any type of interest in any real property in Washington, DC.

9. I do not act as a surety for any risk, person, property, agreement or obligation in Washington, DC.

10. I do not derive any income from goods or service sold or provided in Washington, DC.

11. I do not engage in any sort of conduct, let alone persistent conduct, in Washington, DC.

Exhibit #2

12. I had no reason to expect that I could ever be sued in Washington, DC, for any reason

13. I live a long distance from the court. Defending against a lawsuit in Washington, DC would require substantial travel and be exceptionally burdensome to me.

I solemnly declare and affirm under the penalties of perjury that the foregoing statements are true.

Ann Niquette                                        7/12/11
                                                    Date

Exhibit #2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IMPERIAL ENTERPRISES INC. | |
| v. | 1:11-cv-00529-RBW |
| DOES | |
| and | |
| JANE DOE (IP ADDRESS 74.97.29.161) | |

## **[PROPOSED] ORDER**

In consideration of Defendant Jane Doe's (IP Address 74.97.29.161) "Motion to Quash

or Modify the Subpoena or, in the alternative, Motion to Dismiss for Lack of Personal

Jurisdiction and Misjoinder" it is hereby

ORDERED that any subpoena seeking identifying information about Defendant Jane Doe

(IP Address 74.97.29.161) is quashed and it is further

ORDERED that Defendant Jane Doe (IP Address 74.97.29.161) is dismissed from this

matter, with prejudice.

_____
Judge, U.S. District Court