UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IMPERIAL ENTERPRISES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-529 (RBW) |
| DOES 1 – 3,145, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Imperial Enterprises, Inc., the plaintiff in this civil case, seeks an award of damages, injunctive relief, and attorneys' fees against 3,145 unknown putative defendants for alleged copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 501-505 (2006). Complaint (the "Compl.") ¶¶ 13-14.  Specifically, the plaintiff alleges that these unknown putative defendants "cop[ied] and distribut[ed] . . . unauthorized copies of the [p]laintiff's copyrighted motion pictures" through use of the Internet. Id. ¶ 6.  When the Complaint was filed, the "true names of [the putative d]efendants [were] unknown to the [p]laintiff," and they were only "known to [the p]laintiff . . . by the [i]nternet [p]rotocol . . . address assigned to that [putative d]efendant by his or her [i]nternet [s]ervice [p]rovider on the date and . . . time at which the [alleged] infringing activity of each [putative d]efendant was observed." Id. ¶ 8.  Following the lead of several other members of this Court, the undersigned granted the plaintiff leave on April 5, 2011, to "conduct immediate discovery" in this case "by serving the internet service providers . . . with a subpoena under Federal Rule of Civil Procedure 45 for the purpose of identifying each Doe defendant, such as the individual's name, current and permanent address, telephone number, e-mail address, and Media Access Control Address." April 5, 2011 Order at

1, Imperial Enter., Inc. v. Does 1-3,145, No. 11-cv-529 (RBW) (D.D.C.).  The undersigned also required the internet service providers, once they were served with a subpoena, to give their subscribers notice "of their right to challenge the subpoena in this Court." Id. at 2.

The subscribers did not hesitate to exercise that right, as the Court was subsequently inundated with motions by the putative defendants to prevent the plaintiff from acquiring their personal information.  The motions, though filed by various putative defendants, raised largely the same arguments and can be summarized as follows: (1) the putative defendants have been improperly joined in this action because the plaintiff's claims against them do not arise out of the same transaction, occurrence, or series of transactions or occurrences; (2) the subpoenas should be quashed or, in the alternative, the putative defendants should be allowed to proceed in this case anonymously because they have an expectation of privacy in their identifying information; (3) the subpoenas should be quashed or, in the alternative, the putative defendants should be allowed to proceed anonymously based on their First Amendment right to engage in anonymous speech; (4) the Complaint should be dismissed or, in the alternative, the subpoenas should be quashed because the Court lacks personal jurisdiction over the putative defendants; (5) the Complaint should be dismissed because venue is improper in this district; (6) the claims against the putative defendants should be dismissed because they did not engage in the downloading or uploading activity alleged in the Complaint; and (7) the subpoenas should be quashed because they impose an undue burden on the putative defendants.

Consistent with the rulings of several other members of this Court in similar copyright infringement actions currently pending before those judges, the undersigned ultimately denied the putative defendants' motions by Order dated August 30, 2011.  See August 30, 2011 Order,

Imperial Enter., Inc. v. Does 1-3,145, No. 11-cv-529 (RBW) (D.D.C.). The reasoning for the Court's decision is set forth fully in the August 30, 2011 Order and need not be repeated here.

Currently before the Court is another wave of motions filed by the putative defendants. See ECF Dkt. Nos. 66-76. Unlike the previous motions, which asked the Court to quash or modify the subpoenas or to dismiss the claims against the putative defendants, these are motions to intervene for purposes of quashing or modifying the subpoenas or to dismiss the claims against the putative defendants. Each motion to intervene is accompanied by a motion to seal.[1] The only new issue raised by the putative defendants' motions is whether they should be allowed, either as a matter of right or by permission, to intervene in this action. For the reasons that follow, the Court concludes that intervention must be denied.

Motions to intervene are governed by Federal Rule of Civil Procedure 24. That rule provides in pertinent part as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> * * * *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>
> * * * *

---

[1] Pursuant to Local Civil Rule 49.1(h), the putative defendants' motions to intervene were filed under seal "pending the outcome of the ruling on the motion[s]" to seal. For the reasons stated below, however, the Court ultimately orders that the motions be unsealed on the docket for public consumption.

3

> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> * * * *
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
> (c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24.

The Court initially notes that the putative defendants have failed to comply with Rule 24(c) because their motions were not "served on the parties as provided in Rule 5." Fed. R. Civ. P. 24(c). Rather, the putative defendants sought to file their motions with the Court under seal without serving the motions on the plaintiff. The Court understands why the putative defendants proceeded in this manner: they wanted to protect their identities. After all, since their motions state the "name and full residence of the party" in compliance with Local Civil Rule 5.1(e)(1), service of these motions on the plaintiff would thwart the putative defendants' ultimate goal of concealing their identifying information from the plaintiff. Nevertheless, the putative defendants have cited no authority allowing them to bypass Rule 24(c)'s service requirement under these circumstances.

Even setting aside the putative defendants' failure to comply with Rule 24(c), the Court finds that they have met neither standard for intervention. To intervene as a matter of right under Rule 24(a), "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." Karsner v.

Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting SEC v. Prudential Sec. Inc., 136 F.3d 153, 156 (D.C. Cir. 1998)). The putative defendants advance two purported "legally protected interests" in this action: (1) their interest in maintaining confidentiality over the information sought by the subpoenas, and (2) their due process interest in having an opportunity to fully defend themselves in the court from which the subpoenas were issued. Regarding the putative defendants' confidentiality interests, this Court has already held that "the plaintiff has established a sufficient need for the putative defendants' personal information, and that such a need outweighs the putative defendants' right to anonymously utilize the BitTorrent technology . . . given the plaintiff's copyright ownership claim." August 30, 2011 Order at 7, Imperial Enter., Inc. v. Does 1-3,145, No. 11-cv-529 (RBW) (D.D.C.); see also id. at 6 ("While the putative defendants are not yet parties, the undersigned nonetheless finds that their reasonable expectation of privacy must yield to the plaintiff's need for their personal identifying information"). It follows from this analysis that "[p]reventing release of [the putative defendants'] identifying information . . . . [is] not a sufficiently cognizable legally protected interest to warrant intervention as a matter of right." Maverick Entm't Grp., Inc. v. Does 1-2,115, ___ F. Supp. 2d ___, ___, 2011 WL 4351354, at *4 (D.D.C. Sept. 19, 2011) (Howell, J.). As for the putative defendants' purported due process interests, Judge Howell in Maverick persuasively articulated why this interest is insufficient to warrant intervention of right:

> First, as with other putative defendants in this case, the plaintiff has not named the Movant as a defendant in this action. As a result, the Movant is not subject to this Court's jurisdiction, nor must he respond in any manner to the plaintiff's potential accusations of copyright infringement. Although the Court has permitted putative defendants to file motions in this case despite the fact that they are not named parties, the merits of each putative defendants' personal defenses are not properly before the Court at this stage of the litigation. As the Court has previously stated, if and when the plaintiff elects to proceed against the Movant for alleged copyright infringement, the Movant may present a "complete legal defense" and raise any and all defenses . . .

> Second, the Movant's argument that he will be deprived of his due process rights absent intervention is also incorrect because despite the fact that he has not been named as a party, the Court has permitted putative defendants to file motions to quash or dismiss without intervening. Thus, as a factual matter, the Movant's right to "raise [a] personal jurisdiction defense, among other defenses" is not impaired.
>
> Finally, intervention is inappropriate because it would amount to an effort to circumvent the "plaintiff's right to name defendants of plaintiff's choosing." . . . At this procedural juncture, even if the Movant were allowed to intervene in this action, the Court would deny the Movant's motions to quash and dismiss under Federal Rule of Civil Procedure 12(b) because the plaintiff has not named the Movant as a defendant and formally accused him of copyright infringement. The Movant's efforts to intervene are therefore unnecessary and would have no practical consequence. See Atlantic Sea Island Grp. LLC v. Connaughton, 592 F. Supp. 2d 1, 6 (D.D.C. 2008) ("[W]hether a proposed intervenor's interest may be impaired by disposition of an action is determined by looking to the 'practical consequences' of denying intervention, even where the possibility of future challenge ... remain[s] available.").

Maverick, ___ F. Supp. 2d ___, ____, 2011 WL 4351354, at *4-*5 (some citations omitted). The undersigned agrees with the Court's reasoning in Maverick and accordingly concludes that the putative defendants have no legally protected interest mandating intervention as a matter of right.

Nor does the Court find that permissive intervention under Rule 24(b) is appropriate. The District of Columbia Circuit has made clear that "permissive intervention is an inherently discretionary enterprise." EEOC v. National Children's Center, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998). To qualify for permissive intervention, "the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." Id. (citation omitted). Even if the movant satisfies these three criteria, however, "[d]istrict courts have the discretion . . . to deny a motion for permissive intervention." Id. at 1048.

6

Although it appears that the putative defendants have satisfied the foregoing three requirements, the Court must exercise its discretion to deny permissive intervention. As indicated by the titles of their motions, the putative defendants want to intervene for the purpose of later moving to quash the subpoenas and to dismiss the claims against them. Yet the Court has already denied nearly identical motions to quash and dismiss filed by other putative defendants in this action. See August 30, 2011 Order at 8-9, Imperial Enter., Inc. v. Does 1-3,145, No. 11-cv-529 (RBW) (D.D.C.) (denying putative defendants' motions to quash and dismiss). Thus, granting intervention would be a meaningless exercise because the Court would deny much of the relief that the putative defendants would seek to obtain after intervening. See Maverick, ___ F. Supp. 2d ___, ___, 2011 WL 4351354, at *6 (denying permissive intervention where "[t]he Movant does not presently have a legally protected interest sufficient to warrant intervention and his participation as an intervenor would consequently not further resolution of the case any more than it already has."). And while the putative defendants may believe that by intervening in this action, and thereby becoming actual defendants, they will be better positioned to raise some challenges to the plaintiff's Complaint that a mere putative defendant would be unable to assert, see August 30, 2011 Order at 8, Imperial Enter., Inc. v. Does 1-3,145, No. 11-cv-529 (RBW) (D.D.C.) (rejecting putative defendants' jurisdictional, venue, and merits arguments as premature because they were not named as defendants in the lawsuit and may never be named as defendants), the Court nonetheless deems it inappropriate to allow the putative defendants to inject themselves into this action when it is unclear whether the plaintiff, who has the right to direct its own lawsuit, intends to pursue claims against them.

Finally, for reasons stated in its August 30, 2011 Order, the Court finds that sealing the motions to intervene would be improper. The putative defendants ask the Court to seal their

motions because the motions reveal the very identifying information that the putative defendants desire to withhold from the plaintiff.  However, the Court has already determined that "the plaintiff is entitled to acquire the putative defendants' personal identifying information from the various internet service providers."  August 30, 2011 Order at 7 n.3, Imperial Enter., Inc. v. Does 1-3,145, No. 11-cv-529 (RBW) (D.D.C.); see also id. at 9 (denying "the putative defendants' motions to seal their filings in this case for the purpose of concealing their personal identifying information from the plaintiff").  Having reached this conclusion, there is no justification for further sealing the motions in order to make them unavailable to the plaintiff and the public.

For the foregoing reasons, the undersigned concludes that the putative defendants' requested relief must be denied.  Accordingly, it is

**ORDERED** that the putative defendants' motions to seal their motions to intervene are **DENIED**.  It is further

**ORDERED** that the putative defendants' motions to intervene for purposes of quashing or modifying the subpoena and raising FRCP 12(b) defenses are **DENIED**.  It is further

**ORDERED** that the Clerk of Court shall **UNSEAL** the putative defendants' motions to intervene.

**SO ORDERED** this 18th day of October, 2011.

                                        REGGIE B. WALTON
                                        United States District Judge