*Leave to file is granted.*

*Judge Walton*
*11/30/11*

**Carl Walano**
**111 Forest Avenue**
**Cranford, N.J., 07016**
**Tel: 908-276-4929**

November 23, 2011

Clerk of the Court, Civil Part
United States District Court
   for the
District of Columbia
333 Constitution Ave., N.W.
Washington, D.C.  20001

*RBW*

**RE:** IMPERIAL ENTERPRISES, INC., Plaintiff    **Civil Action No.  1:11-cv-00529-~~RSW~~**

      v.

DOES1-3,145, Defendant

     MOTION TO QUASH SUBPOENA

Gentlemen:

     Enclosed herewith is the original notice of motion with affidavit and affidavit of service upon the plaintiffs' attorneys. You will also find an additional copy of the notice of motion with affidavit, for your files or for transmittal back to me indicating that you received the original. Thank you for your attention to this matter.

                   Carl Walano



RECEIVED
Mail Room

NOV 28

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

United States District Court
   for the
District of Columbia
Civil Part

---

IMPERIAL ENTERPRISES, INC .                    Civil Action No.   1:11-cv-00529-RSW
    Plaintiff
      vs.
    CARL WALANO   (appearing herein as a substitute
    Defendant       for a JOHN DOE)

---

TO THE HONORABLE JUDGE PRESIDING, AND SIRS:

    Upon the annexed affidavit of CARL WALANO, appearing herein PRO SE defendant, sworn to the __2.2.__ date of November, 2011, the letter addressed to CARL WALANO by Verizon Online as his Internet Service Provider, dated October 31, 2011, a copy of which is annexed hereto advising of the issuance of a subpoena to John Doe by the United States District Court, and upon all the proceedings had herein heretofore, defendant CARL WALANO will move this court by MOTION TO QUASH the subpoena at a motion part of this court on <u>December 15,2011</u>, or at such other date or dates as the court may direct requesting that an order of the court be made quashing the subpoena sought to be issued against CARL WALANO.

    Please take further notice that opposing papers, if any, are requested to be served upon the defendant no later than seven (7) days prior to the return date or any date the court may set the motion for submission.

Date: __2.3__ of November, 2011

To:
ELLIS L. BENNETT, DUNLAP GRUBB &WEAVER, PLLC
ATTORNEYS FOR PLANTIFF
OFFICE AND ADDRESS
1200 G STREET, NW SUITE 800
WASHINGTON, D.C. 20005
TEL: 866-999-3758

CARL WALANO
DEFENDANT PRO SE
111 FOREST AVE
CRANFORD, N.J., 07016
TEL: 908-276-4929

To:
CLERK OF THE COURT-CIVIL PART
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

United States District Court
   for the
District of Columbia
Civil Part

_____

__ IMPERIAL ENTERPRISES, INC ._____         Civil Action No.   1:11-cv-00529-RSW
    Plaintiff

      vs.

___ CARL WALANO___ (appearing herein as a substitute
    Defendant       for a JOHN DOE)

_____

STATE OF NEW JERSEY
County of __Union_____ ss.


                CARL WALANO, being duly sworn deposes and says:

1. I am the defendant herein, replacing one of the John Does listed in the complaint of the plaintiff. I respond herein to quash the subpoena sought to be issued against me by the plaintiff as per the complaint in this action in accord with the letter from Verizon Online dated October 31, 2011 and next hereto directing me to file the motion within thirty (30) days. No prior application for this relief has been sought in this court or in any other court by me. I represent myself herein as defendant PRO SE.

2. I present to this court the facts germane to this matter as follows:
   - Plaintiff alleges that various people have perhaps infringed their copyrights by illegally downloading and/or distributing a movie.
   - Plaintiff claims to know only the Internet Protocol address (IP address) of the computer associated with the allegedly illegal activity, but does not know the actual names and addresses.

3. The wrongful activity alleged was the downloading or uploading of a movie.

4. Plaintiff appears to claim that "illegal activity" took place on January 17, 2011@4:17:01 am GMT, as per the letter of Verizon Online. I deny each and every contention that I or any members of my family was involved with any such activity or in fact that such activity evolved from my computer in any way, and I further deny that I or any members of my family, had my knowledge of or participated in such activity in anyway.

5.  At the outset, I present the following facts:

    - My computer was not activated by me or any member of my family on January 17, 2011 at the alleged time. My family consists of my wife and I and four (4) sons all of whom have graduated from or are completing college. I am employed as a production foreman in a metal business in New Jersey. I do not use the computer except occasionally. My wife and children make some occasional use of the computer. Neither I nor they have ever used the computer to download any films on the date involved herein or at any other time. At no time has the computer been loaned to any persons outside of my house nor have any other parties been allowed to use the computer. I further deny that I or any member of my family ever knew of any such activity claimed, until I received the letter from Verizon.
    - I am not engaged in any other business where I would use the computer to conduct any business transactions. My wife has from time to time used the computer for online banking and for certain household purchases.

6.  It is highly probable that someone else, not associated with me or my family, without my knowledge or consent has used my IP address assigned to me by Verizon Online. In that regard, I should not be held liable for plaintiffs' inability through accurate detective work to obtain this information.

7.  Furthermore, it would amount to an unreasonable search of my records and income data for the plaintiff to be allowed access to my records in view of the obviously bizarre situation where the transaction involved someone operating from the GMT zone. Another pertinent consideration is at no point in our lives or on the date in question did my family have any contact with anyone residing in the GMT or temporarily located therein.

8.  While I have no reason to suspect any misdeeds or sabotage, another pertinent factor could be as my memory recalls, Verizon itself was in a great period of turmoil and strife which could have resulted in the situation herein. In view of that, there is an obvious weak connection of facts between the situation where piracy is alleged out of a computer existing in New Jersey and the act complained of involving a situation in the western part of the United States by plaintiffs' allegations. It would appear the plaintiff would fail in its burden to prove it as a prima facia claim against me. Moreover, it would appear that based upon all the facts herein and my non participation in any piracy alleged that the plaintiff should not be entitled to have a subpoena issued.

9.  I submit that the granting of a subpoena to the plaintiff in this manner would constitute an oppressive and unreasonable burden to me and my family. This burden can not be justified by the plaintiffs' allegations at this point.

10. Finally the plaintiff has not shown that it has exhausted alternative methods of discovery in this matter.

11. I further point out to the court that I am not placing myself as a defendant on the merits in this case but I appear only to quash the subpoena in this matter.

*Carl Waland*

WHEREFORE the defendant respectfully requests that the court determine that the subpoena be quashed in all respects.

Sworn to before me the ___22___ day of November, 2011.

MALGORZATA JAROSLAWSKA
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 8, 2015
I.D.# 2397132

*Malgorzata Jaroslawska*

Notary Public State of New Jersey

3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Columbia

| | | |
|---|---|---|
| IMPERIAL ENTERPRISES, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:11-cv-00520-RBW |
| | ) | |
| DOES 1 - 3,145 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Verizon Legal Process Compliance, Attn:  Custodian of Records, TXDO1613, PO Box 1001
San Angelo, TX 76902, FAX 325-949-6918

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: Pursuant to the attached Order dated April 5, 2011, provide the name, current and permanent address,
telephone number, e-mail address and Media Access Control Address, of all individuals ("Does") whose IP
addresses are listed in the attached spreadsheet. The Order states that the ISP shall give written notice,
which may include e-mail notice, to any affected subscribers within five business days of service.

| Place: Ellis L. Bennett, Dunlap Grubb & Weaver, PLLC | Date and Time: |
|---|---|
| 1200 G Street, NW Suite 800, Washington, DC 20005 | 05/16/2011 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   04/08/2011

|  CLERK OF COURT | OR | |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Plaintiff
Imperial Enterprises, Inc.  , who issues or requests this subpoena, are:
Ellis L. Bennett, Dunlap Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel: 866-999-3758, Fax: 866-999-3758, email: ebennett@dglegal.com

10/31/2011

## READ AT ONCE

### COURT-DIRECTED NOTICE
### REGARDING ISSUANCE OF SUBPOENA
### SEEKING DISCLOSURE OF YOUR IDENTITY

Verizon Online, as your Internet Service Provider, recently received a legal document called a subpoena. Absent action by you, the subpoena requires us to disclose your name, address and other information.The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the District of Columbia.

The Plaintiffs have filed a lawsuit alleging that various people have perhaps infringed their copyrights by illegally downloading and/or distributing a movie. However, the Plaintiffs do not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity.

Accordingly, Plaintiffs have filed lawsuits against so-called anonymous "John Doe" defendants and issued subpoenas to determine the identity of these people (the so-called "John Does." The Plaintiffs have asked us to disclose your identification information to them, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking information and please find the IP address at the end of this letter that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the (The plaintiffs will have to prove that you illegally used the internet to download or upload the particular movie. We do not have records that would prove or disprove that fact; we simply have records that show that an IP address was assigned to a specific customer at a specific time. It may be that someone else, for a variety of reasons, was using the IP address).

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiffs receive your information from your Internet Service Provider, you will likely be added as a named defendant to their lawsuit.

### INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED
### BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT
### CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to the Plaintiffs.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. Within this notice you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit

If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena and notify Verizon Online that you have done so. If you need more than 30 days to file such a motion or find a lawyer to assist you, you can file a motion asking for an extension of time; you should notify Verizon Online if you file a motion asking for more time. The appropriate address to send such notices to Verizon is:

Verizon Legal Compliance
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902

Fax Number: 325-949-6916

Please provide us with a copy of the filed motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion. If you do nothing, then after 30 days we are compelled to send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who information about the lawsuit that has been filed against you as well as similar lawsuits:

https://www.eff.org/issues/file-sharing/subpoena-defense

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at (877) 223-7212, by fax at (866) 874-5101 or by email at subpoena@dgwlegal.com.

But please understand that these lawyers represent the company that is trying to sue you. They can speak with you about settling the lawsuit, if you wish to consider that. At the same time, you must be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.

C WALANO
111 FOREST AV
CRNFD,NJ 070160000
74 105.48.96        1/17/2011 4:17:01 AM        GMT

877-223
7212

# Affidavit of Mailing

STATE OF NEW YORK

COUNTY OF NASSAU

I, John Tonn, being duly sworn, deposes and says:

- That he resides at 129 Woodbine Avenue, Merrick, New York, 11566.
- He is not a party to the within action and is not related to any party in within action.
- That on the 25th day of November, he served a copy of the within notice of motion and affidavit upon Ellis L. Bennett, Dunlap Grubb & Weaver, PLLC by United States express mail addressed to as follows:
  ELLIS L. BENNETT, DUNLAP GRUBB & WEAVER, PLLC
  1200 G STREET, NW SUITE 800, WASHINGTON, D.C. 20005

Sworn to before me this 23rd of November, 2011.

Notary Public

CHRISTINE VOLLKOMMER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NASSAU COUNTY
REG #01VO6129469
MY COMM. EXP. JUNE 20, 20__